**Jay MOSER and Dana Moser,
Plaintiffs–Appellants,**

v.

**UNIVERSAL ENGINEERING
CORPORATION, Defendant–
Appellee.**

No. 93–1702.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 1, 1993.

Decided Dec. 8, 1993.

Rehearing Denied Jan. 19, 1994.

Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, Minneapolis, MN (argued), C.M. Bye, River Falls, WI, Phillip A. Cole, Minneapolis, MN, for Jay Moser and Dana Moser.

John R. Fanone, Robert D. Kolar (argued), Eric Patt, Kolar & Associates, Chicago, IL, for Universal Engineering Corp.

Before POSNER, Chief Judge, MANION, Circuit Judge, and WOOD, Jr., Senior Circuit Judge.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

Jay Moser and Dana Moser appeal from the district court's order denying their motion to reconsider and dismissing their complaint with prejudice. The Mosers argue that because the case previously had been dismissed without prejudice, the district court did not have the power to dismiss the case with prejudice on their motion to reconsider an order denying their motion to vacate. Further, the Mosers argue that even if the district court did have the power to dismiss the case with prejudice, the court abused its discretion in doing so. We find that the district court did possess the power to dismiss the action with prejudice, but, for the reasons set forth below, we believe the court abused its discretion. Accordingly, we vacate and modify the district court's order.

## I. BACKGROUND

The Mosers brought this products liability action against defendant Universal Engineering Corporation ("Universal") to recover for injuries sustained by Jay Moser on May 29, 1985.[1] On March 13, 1986, the Mosers commenced this action against Universal in the United States District Court for the Western District of Wisconsin.[2] Previously, on January 31, 1986, Pettibone Corporation and its subsidiary, Universal, had filed for reorganization under Chapter 11 of the United States Bankruptcy Code. Under 11 U.S.C. § 362(a) (1993), the filing of this bankruptcy petition automatically stayed the commencement of judicial proceedings against the debtor, Universal. Because of plaintiffs' failure to obtain relief from the automatic stay, the parties, in their preliminary pre-trial conference report, suggested postponement of discovery pending resolution of the bankruptcy stay issues. Accordingly, the district court, by its May 23, 1986 order, dismissed the action without prejudice, "said order of dismissal to

1. Both of Mr. Moser's arms were amputated while operating a rock crushing machine manufactured by Universal. Although Mr. Moser's arms were surgically reattached, he has not regained full use of his arms and hands.

2. Jurisdiction in the district court was based on diversity of citizenship. 28 U.S.C. § 1332 (1966). The complaint alleges that plaintiffs are citizens of Wisconsin and the defendant is an Iowa corporation with its principal place of business in Iowa.

be vacated in the event the bankruptcy proceedings are not dispositive of the rights of the parties, with the understanding that upon appropriate petition this order may be vacated, and in that event the rights of all parties shall be continued as though said matter had not been dismissed." The Mosers did not appeal this decision.

The automatic stay was removed on December 28, 1988, following approval of the debtor's reorganization plan. After lifting of the stay, under 11 U.S.C. § 108(c)(2) (1993) the plaintiffs then had a thirty day time frame in which to refile their complaint. The Mosers failed to refile or move to reopen the case within this statutory period.

Approximately three and one-half years later, on April 13, 1992, the Mosers moved the district court to vacate the dismissal order and reopen the case. By a June 15, 1992 order, the district court denied this motion holding that the March 13, 1986 complaint was void because it was filed in violation of the automatic stay, that the Mosers had failed to refile the case within the thirty day statutory period, and that the case was now barred by the statute of limitations.[3] The Mosers do not challenge, and we do not address, these conclusions in this appeal.

After waiting five months, on November 16, 1992, the Mosers filed a motion to reconsider the June 15, 1992 order. The district court allowed the parties to brief the issues, and the court denied the motion on January 8, 1993. Terms of the January 8, 1993 order went beyond simply denying the motion for reconsideration by dismissing the Mosers' complaint *with prejudice*. The district court did not specify any grounds or reasons for changing the terms of the dismissal order. Notably, in opposing the motion for reconsideration, Universal had not asked the district court to dismiss this case "with prejudice."

On January 19, 1993, the Mosers moved the district court for relief from the January 8, 1993 order under Fed.R.Civ.P. 60 on the grounds of mistake or oversight. After allowing the parties to fully brief the issues, the district court denied plaintiffs' motion for relief on February 22, 1993. This appeal followed.

## II. ANALYSIS

On appeal, the Mosers first argue that the district court did not have the authority to dismiss the case with prejudice because the case previously had been dismissed without prejudice. They argue that because the case was before the district court only due to the plaintiffs' motion to reconsider the June 15, 1992 order denying their motion to vacate the May 23, 1986 dismissal order, until the court granted their motion, the case remained dismissed. As such, the case was not on the court's docket and the district court lacked the authority to dismiss under the Federal Rules of Civil Procedure.[4] We disagree with this argument.

Because the district court failed to cite any authority for its decision to change the terms of the dismissal order, the parties look to Federal Rule of Civil Procedure 41 for guidance regarding the district court's power to dismiss a case with prejudice. Appellants argue that in the January 8, 1993 order the district court dismissed this case under Rule 41(a)(2), and that this rule does not give the district court the power to dismiss a case with prejudice when that case has previously been dismissed without prejudice. In contrast, the appellees assume that in the June 15, 1992 order, the district court dismissed this case under Rule 41(b) for the failure to comply with the applicable statute of limitations. Appellees argue that because the court failed to indicate otherwise in the June 15, 1992 order, under 41(b) the order operat-

---

**3.** The court issued the June 15, 1992 order subject to the Mosers' ability to present evidence that neither they nor their counsel received notice of entry of the order confirming the Reorganization Plan. The Mosers did not present any such evidence and, in fact, admitted that their first attorney in this case did receive notice of the Reorganization Plan within 30 days of its entry. Affidavit of C.M. Bye, December 15, 1992.

**4.** The Mosers appeal only the change in terms of the dismissal order. They do not appeal the district court's denial of their motion to reconsider and their motion for relief under Fed.R.Civ.P. 60.

ed as a dismissal upon the merits and that the January 8, 1993 order merely articulated this fact.

Rule 41(a) allows a plaintiff to voluntarily dismiss a case without prejudice and without an order of the court before a defendant files an answer or moves for summary judgment. The plaintiff may also voluntarily dismiss by filing a stipulation of dismissal with the court. Further, at a plaintiff's request, a case may be voluntarily dismissed by order of court and the court may impose any terms or conditions that it deems proper for the protection of the defendant's interests. *See McCall–Bey v. Franzen,* 777 F.2d 1178, 1183–84 (7th Cir.1985). It was under this rule that the district court originally dismissed this case without prejudice by the May 23, 1986 order. The district court properly dismissed the case without prejudice based on the parties' stipulation that this suit was originally filed in violation of the automatic stay. But this subsection does not apply to the January 8, 1993 order. No credible argument can be made to support plaintiffs' argument that the motion to reconsider should be construed as a motion for voluntary dismissal and, thus, the language of Rule 41(a) is irrelevant to this case.

Similarly, the appellees are incorrect in their argument that the case was dismissed under Rule 41(b) by the June 15, 1992 order denying the motion to vacate.[5] The June 15, 1992 order was not a dismissal; it was merely a denial of the motion to vacate. The case already had been dismissed in 1986. Likewise, in the January 8, 1993 order, the court could not have dismissed the case for want of prosecution because the plaintiffs had no duty to pursue this matter after their motion to vacate was denied, nor had the plaintiffs violated any court rule or order.

If Rule 41 does not apply, under what authority did the district court change the terms of the dismissal order? A court's power to dismiss a case is not restricted to only those powers authorized by the Federal Rules of Civil Procedure; a court also has certain inherent powers that allow it to manage and control the litigation proceeding before it.

The inherent authority of the district court to dismiss a case *sua sponte* and control its docket is well established. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1961); *Schilling v. Walworth County Park & Planning Comm'n,* 805 F.2d 272, 274–75 (7th Cir.1986). This power derives from the need for courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Link,* 370 U.S. at 630–31, 82 S.Ct. at 1389, and extends beyond the powers enumerated in the Federal Rules of Civil Procedure. *See Slavitt v. Meader,* 278 F.2d 276, 277 (D.C.Cir.1960), *cert. denied,* 364 U.S. 831, 81 S.Ct. 70, 5 L.Ed.2d 57 (1960). Although the above-cited cases primarily involve the power of courts to dismiss cases for lack of prosecution, this inherent power and the principles behind it also apply to these facts.

This case was originally dismissed by the district court without prejudice on May 23, 1986. When the case was dismissed without prejudice, the district court specifically provided that "in the event the bankruptcy proceedings are not dispositive of the rights of the parties, ... upon appropriate petition this order may be vacated, and in that event the rights of all parties shall be continued as though said matter had not been dismissed." To this extent, the district court retained jurisdiction to consider any motion to reopen the case or vacate the May 23, 1986 order. *See United Steelworkers v. Libby, McNeill & Libby,* 895 F.2d 421, 423 (7th Cir.1990); *McCall–Bey,* 777 F.2d at 1190.

In April, 1992, six years after the case was originally dismissed, plaintiffs moved the court to vacate the May 23, 1986 order. This motion temporarily returned the case to the district court's attention, thus requiring the district court to expend time and energy to

---

**5.** Rule 41(b) authorizes a court to involuntarily dismiss a case for want of prosecution or, upon motion by the defendant, to dismiss a case for plaintiff's failure to comply with rules or orders of court. Generally speaking, the key difference between 41(a) and 41(b) is that, unless otherwise stated in the order, the former is assumed to be without prejudice while the latter is assumed to be an adjudication upon the merits.

resolve the pertinent issues of the case. Although technically the case was no longer on the court's docket and roll call sheet, the case was properly before the court under terms of the May 23, 1986 order. In its June 15, 1992 order, the district court denied this motion primarily on statute of limitations grounds. Five months later, plaintiffs again brought this case before the district court in their motion to reconsider. The issues were again fully briefed by the parties.

■ When a district court is presented with such a course of procedural events over an extended time frame, it is entirely necessary for the court to have the power to restrict or control litigants who persist in filing motions and utilizing the court's time and resources. This power is needed for courts to keep the wheels of justice spinning in the proper direction: towards final resolution of the cases before the court. This concern applies not only to the immediate action, but also to other cases on the court's docket. When a party continues to file motions regarding a matter that the court considers to be at an end, it is necessary for that court to be able to manage and guide the litigation before it. Methods of control may be in the form of assessing fines or fees, or even the ultimate sanction of dismissing a case with prejudice. Changing the terms of a dismissal order from without prejudice to with prejudice is within the district court's authority. We recognize that this power is needed to continue the orderly and efficient administration of justice identified by the Supreme Court in *Link*. The next question is when is the exercise of this inherent power proper.

■ The second argument raised by the Mosers concerns the extent of this inherent authority. The Mosers argue that court abused its discretion by changing the dismissal order to be with prejudice on a motion for reconsideration where the defendant had never asked for such an order. We review the facts and circumstances surrounding the district court's actions, in the context of the case, to determine whether the dismissal with prejudice was an abuse of discretion. *See Link*, 370 U.S. at 633, 82 S.Ct. at 1390; *Roland v. Salem Contract Carriers Inc.*, 811 F.2d 1175, 1177 (7th Cir.1987); *Schilling*, 805 F.2d at 273.

■ The complaint in this case was filed on March 13, 1986, approximately ten months after the accident occurred and the injuries were suffered. Thus, filing occurred within the three year statute of limitations period for personal injury actions under Wisconsin law.[6] But because the Mosers failed to obtain relief from the automatic stay as contemplated in the 1986 pre-trial conference report, the district court treated the March 13, 1986 filing as void and denied their motion to vacate the May 23, 1986 dismissal order.

Five months later the Mosers again came before the court on a motion to reconsider the June 15, 1992 order. The Mosers argued that the thirty day period for refiling did not begin to run until November 2, 1992, when their attorney received the order approving the settlement agreement because that order indicated that there was money available for successful product liability litigants. The district court denied this motion to reconsider and *sua sponte* dismissed the case with prejudice. It held that the order approving the settlement agreement had no impact on whether the December 9, 1988 order approving the Plan of Reorganization was dispositive of the plaintiffs' rights. We agree with the district court that the Mosers failed to raise any proper grounds for reconsidering the June 15, 1992 order and that this motion was properly denied. However, the January

---

**6.** A federal court hearing a case under diversity jurisdiction will apply the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). If the laws of more than one jurisdiction are arguably in issue, *Erie* also requires a federal court to apply that state's choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1022, 85 L.Ed. 1477 (1941). "State law barring an action because of a statute of limitations is sufficiently 'substantive,' in the *Erie* sense, that a federal court in that state exercising diversity jurisdiction must respect it." *Kalmich v. Bruno*, 553 F.2d 549, 552 (7th Cir.1977), citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). *See also Murphy v. Klein Tools, Inc.*, 935 F.2d 1127 (10th Cir.1991), *cert. den.*, — U.S. —, 112 S.Ct. 407, 116 L.Ed.2d 355 (1991). Here the district court applied Wisconsin law.

8, 1993 order did not specify any grounds for changing the dismissal order from without prejudice to with prejudice. As far as we are able to discern from the January 8, 1993 order, the district court changed the terms of the dismissal because plaintiffs failed to present any evidence indicating that they never received notice of the order confirming the Plan of Reorganization, and the court wanted to prevent the plaintiffs from filing additional motions regarding this matter.

The obvious significance of the district court's action was to give the case possible preclusive effect. Though we are not presented with the question of whether the January 8, 1993 order precludes the Mosers from litigating their claims in other jurisdictions, we recognize that a court in another jurisdiction *might* hold that a dismissal with prejudice in the circumstances of this case bars relitigation of the underlying issues between these parties under the doctrine of res judicata. It is exactly this problem that concerns the Mosers.

 As noted above, the power to dismiss a case with prejudice is available to district courts to ensure compliance with court orders and rules. It is one of many sanctions available to federal courts when faced with improper behavior by attorneys or parties to a lawsuit. This power is needed to deter parties from proceeding in a dilatory fashion and is necessary to promote the orderly and efficient administration of justice. It is also a method of maintaining the integrity of judgments by preventing relitigation of the issues. However, this power should be carefully used by district courts.

 As represented during oral argument, other litigation regarding this matter is currently ongoing in other courts and jurisdictions. The Mosers have filed two other related lawsuits in Mississippi and Wisconsin. The complaint in Mississippi was originally filed in state court alleging essentially the

same claims that are the subject of this case, but has since been removed to federal court where it currently sits pending the outcome of this case. The Wisconsin case concerns attorney malpractice by the plaintiffs' first attorney in this case. This attorney represented the Mosers at the time the complaint was filed and when the automatic stay was lifted. We understand that the Mississippi case may be affected by the outcome of this litigation, and that the Wisconsin litigation may be affected by the outcome of the Mississippi litigation.

According to the record, at the time of the motion for reconsideration, the district court was not aware of the Mississippi litigation. Only an affidavit submitted on December 17, 1992, in conjunction with the motion for reconsideration, even mentioned the existence of other litigation. In this affidavit of C.M. Bye, the affiant represented that the statute of limitations had not yet run on this cause of action in Mississippi, but did not indicate that any litigation was pending there. It did mention the attorney malpractice action in Wisconsin against the Mosers' first attorney in this case. This is the only notice of other litigation provided by the parties to the district court. None of the briefs addressed the issue of preclusion. This lack of notice, however, is understandable because the defendant did not ask the district court to change the dismissal order to be with prejudice. Accordingly, plaintiffs did not brief the court regarding the res judicata implications of any change in the dismissal order.[7]

The May 23, 1986 order dismissing the case without prejudice allowed the Mosers the opportunity to pursue litigation in another forum. By changing the dismissal order to one with prejudice without notice and without argument, the district court may have unknowingly deprived the Mosers of their right to pursue their case in Mississippi and other jurisdictions. To this extent we

---

7. Universal maintains that the Mosers asked the district court for a "final order" in this matter and, therefore, should be prohibited from contesting a court order granting this request. In support of this argument Universal cites to a December 15, 1992 letter and accompanying affidavit submitted in connection with plaintiffs' motion to reconsider. Although these documents requested a "final order" from the district court, when these documents are read in the procedural context of the case at that time, we do not believe that by requesting a "final order" plaintiffs sought to change the dismissal order from without prejudice to with prejudice. Accordingly, we find this argument to be without merit.

believe the district court, not being fully advised, understandably abused its discretion. While a district court is not always required to provide the parties with notice of the possibility of dismissal, *see Link,* 370 U.S. at 632, 82 S.Ct. at 1389, under these particular circumstances where the case had previously been dismissed without prejudice and the plaintiff had no obligation to further litigate this case, the district court should have allowed the parties to address this issue before concluding that a dismissal with prejudice was appropriate.

In reaching our decision, we recognize that to some degree this case was overdue for final adjudication. At the time of the court's decision, the case had been before the court periodically over the course of six and one-half years. Understandably, the district court did not want to address the issues of this case again. But preventing the Mosers from asserting their claims in another jurisdiction would not achieve this end. We doubt if the district court intended to indirectly impose collateral consequences.

Accordingly, we vacate the January 8, 1993 order dismissing this case with prejudice because the district court failed to afford plaintiffs notice of, and an opportunity to contest, the severe remedy it was about to impose.

For these reasons the order of the district court is vacated and we remand this case to the district court for entry of a dismissal without prejudice. If, however, plaintiffs sometime in the future without good and sufficient cause attempt to again reinstate this case, they may subject themselves to sanctions.

Each party shall bear their own cost for this appeal.