59 F.3d 78
 32 Fed.R.Serv.3d 1020
 Ruby JARAMILLO, minor; Bienvenida Jaramillo, as legal
guardian and next friend, Appellants,
v.
Joseph G. BURKHART; Olsen Brothers, Inc., Appellees.
Cindy JARAMILLO, minor; Bienvenida Jaramillo, as legal
guardian and next friend, Appellants,
v.
Joseph G. BURKHART; Olsen Brothers, Inc., Appellees.
 Nos. 94-2650NE, 94-2651NE.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 13, 1995.
Decided June 27, 1995.
 
 Edward F. Fogarty, Omaha, NE, argued, for appellant.
 Mark C. Laughlin, Omaha, NE, argued (Robert F. Rossiter, Jr., on brief), for appellee.
 Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Bienvenida Jaramillo appeals the district court's order dismissing these diversity personal injury actions with prejudice. We reverse and remand.
 
 
 2
 In 1986 Jaramillo's daughter, Carmen, and Carmen's daughters, Cindy and Ruby, were passengers in a car that collided with a truck owned by Olsen Brothers, Inc. and driven by the corporation's employee, Joseph G. Burkhart. As a result of the accident, Carmen died and Cindy and Ruby were injured. The next year, Jaramillo filed three negligence actions against Burkhart and Olsen Brothers, Inc. (collectively Burkhart). Jaramillo filed one action for Carmen's wrongful death as administrator of her estate, and one personal injury action for each of her granddaughters as their legal guardian.
 
 
 3
 Carmen's lawsuit was tried in 1989 and a jury found in favor of Burkhart. We affirmed the jury's verdict in an unpublished opinion. Jaramillo v. Burkhart, 985 F.2d 567 (8th Cir.1991) (table) (Jaramillo I ). Based on the jury's finding of no liability in Carmen's lawsuit, Burkhart moved for summary judgment in Cindy's and Ruby's lawsuits. The district court granted the motion, holding collateral estoppel prevented Jaramillo from relitigating the liability issue in her granddaughters' lawsuits. On the claims for Cindy's and Ruby's medical expenses, the district court alternatively held their father, Danny Nava, was the proper plaintiff rather than Jaramillo.
 
 
 4
 Jaramillo appealed the summary judgment. We reversed and remanded, holding that under controlling Nebraska law, collateral estoppel did not preclude relitigation of the negligence question in Cindy's and Ruby's lawsuits. Jaramillo v. Burkhart, 999 F.2d 1241, 1245-46 (8th Cir.1993) (Jaramillo II ). As for the district court's alternative holding on the medical expense claims, we could not determine from the record whether the district court had given Jaramillo a reasonable time to substitute or join Nava as the proper plaintiff. We thus stated, "On remand the district court should allow Jaramillo a reasonable time to substitute or join Nava as the real party in interest with respect to the claims for the girls' medical expenses." Id. at 1246.
 
 
 5
 Four months after we issued our decision, Jaramillo filed a motion to amend the complaint to add Nava as a plaintiff on the claims for medical expenses and to add claims for emotional distress and loss of consortium. The district court denied the motion to amend, stating, "[A]t this point [Burkhart] would be unduly prejudiced by the addition of a party and new legal theories." The court did not explain how Burkhart would be prejudiced or further explain its denial.
 
 
 6
 Based on the denial of leave to amend, Jaramillo filed a motion to dismiss her granddaughters' complaints without prejudice under Federal Rule of Civil Procedure 41(a). Burkhart filed a brief opposing the motion, arguing he would be prejudiced by a dismissal without prejudice seven years after Jaramillo filed the lawsuit because Jaramillo would reframe the issues and reopen discovery in a new action. Burkhart also argued that proceeding with the lawsuits would waste judicial time and resources because any recovery was unlikely. In his brief's conclusion, Burkhart asked the court to either dismiss the lawsuits with prejudice or bring them to trial. The district court then dismissed the actions with prejudice, without giving Jaramillo notice of its intention or an opportunity to respond, or stating any reasons for its decision.
 
 
 7
 Jaramillo now appeals, arguing the district court abused its discretion in dismissing the actions with prejudice. To decide whether the district court abused its discretion in dismissing with prejudice, we review the facts and circumstances surrounding the district court's actions in this case. Moser v. Universal Eng'g Corp., 11 F.3d 720, 724 (7th Cir.1993). We agree with Jaramillo that the district court abused its discretion.
 
 
 8
 Federal Rule of Civil Procedure 41(a) provides for the voluntary dismissal of actions at the plaintiff's request. Under Rule 41(a)(2), dismissals sought by the plaintiff are without prejudice unless the district court's order specifies otherwise. Thus, Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion for dismissal without prejudice. Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471 (4th Cir.1993); Shinrone, Inc. v. Insurance Co. of N. Am., 570 F.2d 715, 719 (8th Cir.1978). When a plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, however, the district court must give the plaintiff notice of its intention and a chance to withdraw the request and proceed with litigation. Choice Hotels, 11 F.3d at 471 n. 1; Gravatt v. Columbia University, 845 F.2d 54, 56 (2d Cir.1988); Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir.1986); see Moser, 11 F.3d at 725-26. Otherwise, the district court would deny the plaintiff the option of trying the case on the merits, because unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation. See Gravatt, 845 F.2d at 56. Because the district court did not give Jaramillo notice of its intention to dismiss with prejudice and the opportunity to address the issue, the district court abused its discretion in dismissing with prejudice.
 
 
 9
 We also note the district court's disregard of our mandate forced Jaramillo to move for dismissal without prejudice so her granddaughters' claims could be pursued in another action. When the district court denied Jaramillo's motion to amend to add Nava, the district court eliminated a significant theory of damages--medical expenses--and violated our mandate in Jaramillo II. Under the law of the case doctrine, a district court must follow our mandate, and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms. In re Ivan F. Boesky Sec. Litigation, 957 F.2d 65, 69 (2d Cir.1992). Although the district court normally has discretion in deciding whether to grant a motion to amend, the district court must allow amendment when our mandate directs amendment. Rutherford v. United States, 806 F.2d 1455, 1460 (10th Cir.1986). In Jaramillo II we directed the district court to give Jaramillo a reasonable time to substitute or join Nava. Because Jaramillo filed her motion to amend four months after our decision and this is a reasonable time, the district court lacked discretion to deny Jaramillo's motion to amend to add Nava.
 
 
 10
 We reverse the district court's dismissal with prejudice and remand for further proceedings consistent with this opinion. On remand, the district court should permit amendment of the complaints to add Nava as the plaintiff on the girls' claims for medical expenses.