**UNITED STATES of America, Plaintiff–Appellant, Cross–Appellee,**

**v.**

**ONE TRACT OF REAL PROPERTY TOGETHER WITH ALL BUILDINGS, IMPROVEMENTS, APPURTENANCES, AND FIXTURES, thereon and thereto, situated in District Three of Monroe County, Tennessee, consisting of Lot 18 and Part of Lot 19, in what is known as Sherrill Heights Addition, with an Address of 266 Tonawanda Trail, known as the Residence of J.C. O'Dell, Defendant,**

**Jackson C. O'Dell, Claimant–Appellee, Cross–Appellant.**

Nos. 95–5612, 95–5664.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 5, 1996.

Decided Sept. 10, 1996.

Steven Hollingshead–Cook, Asst. U.S. Attorney (argued and briefed), Robert E. Simpson, D. Gregory Weddle, Asst. U.S. Attorneys, Office of the U.S. Attorney, Knoxville, TN, Carl K. Kirkpatrick, U.S. Attorney, Office of the U.S. Attorney, Chattanooga, TN, for the U.S.

Herbert S. Moncier (briefed), David S. Wigler (argued and briefed), Knoxville, TN, for Jackson C. O'Dell.

Ralph E. Harwell, Harwell, Baumgartner & Willis, Knoxville, TN, for Lois A. O'Dell.

Before: LIVELY, KENNEDY, and SILER, Circuit Judges.

KENNEDY, Circuit Judge.

The United States appeals an order of the District Court dismissing *with prejudice* this civil forfeiture action after the government had moved for voluntary dismissal *without prejudice* under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Claimant cross-appeals the District Court's same order which refused to compel the United States to grant claimant's request for admissions. We also consider on this appeal claimant's motion for sanctions against an Assistant United States Attorney. For the following reasons, we **AFFIRM** in part, **VACATE** in part, and **REMAND**. We also **DENY** claimant's motion for sanctions.

## I. Facts

This appeal arises out of a civil forfeiture action that was filed against claimant's residence after the United States discovered a marijuana growing operation during the execution of federal search warrants at claimant's farm.[1] The United States also entered into a plea agreement with claimant and filed a one-count information charging claimant with manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). Claimant entered a guilty plea pursuant to the agreement. Assistant United States Attorney ("AUSA") Steven H. Cook has been handling the government's criminal actions against claimant, while other attorneys were involved with this civil forfeiture action in the District Court.[2] An appeal in the criminal action, *United States v. O'Dell*, No. 3–94–164 (E.D.Tenn. Sept. 21, 1995), *appeal docketed*, Nos. 95–6414/6415 (6th Cir. Oct. 30, 1995), was consolidated with the instant appeal for the purpose of oral argument.

On December 13, 1994, claimant filed a motion asking the District Court to enter partial summary judgment *for the United States* in the civil forfeiture action pending against his home. Subsequently, the government filed a motion to dismiss the complaint *without prejudice*. Claimant opposed the government's motion to dismiss without prejudice in documents filed with the District Court on January 13 and 24, 1995. Additionally, claimant filed "Proposed Findings of Fact and Conclusions of Law" the day before the District Court's hearing on the two pending motions. In essence, claimant argued that AUSA Cook misled the District Court in the criminal proceeding and that this alleged misconduct justified as a remedial measure the dismissal of the civil complaint *with prejudice*. In the alternative, claimant proposed that the District Court dismiss the complaint without prejudice but only under certain conditions.

Problems had indeed arisen with respect to the plea in the criminal action. The plea agreement was expressly conditioned on claimant's father and sons pleading guilty to specific offenses in state court. If such action was taken, then the United States agreed not to bring federal charges against claimant's relatives. If such action was not taken, however, the United States would be "free from its obligations under this plea agreement and also [would] be free to withdraw." Claimant's family members reached an impasse with state officials and did not fulfill the conditions of the plea agreement. The District Court permitted the government to withdraw from the agreement, claimant withdrew his guilty plea and, on the government's motion, the District Court dismissed the information without prejudice. A federal grand jury subsequently returned a four-count indictment against claimant, including a criminal forfeiture count seeking forfeiture of the same residence involved in this civil forfeiture action.[3] The government has not brought any criminal charges against claimant's father or sons.

After the United States moved to dismiss without prejudice this civil forfeiture action, claimant filed a request for admissions:

1. Admit that on or about February 9, 1994, when [AUSA] Steve H. Cook filed a pleading in Cr. 3–93–82 denominated "Notice of Failure to Comply with Plea Agreement," AUSA Cook did not intend to ask the federal grand jury to indict [claimant's father or either of his sons].

2. Admit that on or about October 17, 1994, when [AUSA] Cook filed a Motion to Dismiss the Information in Cr. 3–93–82 without prejudice, AUSA Cook did not intend to ask the federal grand jury to indict [claimant's father or either of his sons].

3. Admit that on or about December 6, 1994, when [AUSA] Cook did ask the federal grand jury to return the Indictment in Cr. 3–94–164, he did not ask the grand

---

1. The government filed a separate civil forfeiture action against the farm. The District Court later dismissed that action without prejudice.

2. AUSA Cook represented the United States on appeal.

3. The indictment also charged claimant with one count of possession of marijuana with intent to distribute, one count of manufacturing marijuana, and one count of making a building available for the manufacture of marijuana. The criminal forfeiture count also sought to forfeit claimant's interest in the farm property.

jury to indict [claimant's father or either of his sons].

Claimant also served a subpoena on AUSA Cook compelling his presence at the hearing which had been scheduled to address claimant's motion for partial summary judgment and the government's motion to dismiss.

On February 28, 1995, the District Court heard arguments regarding the pending motions and claimant's discovery request. After claimant invited the court to rule on the government's motion first, the District Court "granted" the government's motion, but ordered the complaint dismissed with prejudice. The court's apparent reason for this decision was that it "appreciate[d] the fact that [claimant] has been exposed to litigation in this case since 1991, and the government comes in here and says they want to take a voluntary nonsuit under Rule 41." [4]

With regard to the discovery request, the government argued that the information sought was irrelevant to the civil proceeding, privileged, and protected by Rule 6(e) of the Federal Rules of Criminal Procedure. The government told the court, however, that AUSA Cook was "fully able and willing to answer [the] court's questions *in camera, ex parte*, about his intentions and the charging decisions that were made in any presentation made before a federal grand jury." The District Court quashed the subpoena and ordered that the United States would not be compelled to grant the discovery request or to respond further to the request for admissions. In denying the request, the court found that Rule 6 prohibited such discovery and that "these cases have progressed pretty much as [the court] would have anticipated due to the extended plea negotiations."

## II. Discussion

### A. The Government's Appeal

The government argues that the District Court erred when, in response to its motion to dismiss without prejudice, it dismissed the action with prejudice.

■ Rule 41(a) of the Federal Rules of Civil Procedure provides for the voluntary dismissal of actions at a plaintiff's request. Rule 41(a)(2) provides in pertinent part that

[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... *Unless otherwise specified* in the order, a dismissal under this paragraph is without prejudice.

FED. R. CIV. P. 41(a)(2) (emphasis added).[5] Thus, the last sentence of Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion to dismiss without prejudice. *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir.1995); *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir.1993); *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir.1986). This court reviews a district court's decision regarding a Rule 41(a)(2) motion for an abuse of discretion. *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir.1992).

■ We agree with the courts of appeals which have considered this issue that three factors must be considered in determining whether a court abused its discretion when it dismissed a complaint with prejudice in response to a plaintiff's request for dismissal without prejudice. *See, e.g., Jaramillo*, 59 F.3d at 79; *Marlow v. Winston & Strawn*, 19 F.3d 300, 304–05 (7th Cir.1994); *Andes*, 788 F.2d at 1037. First, the district court must give the plaintiff notice of its intention to dismiss with prejudice. *Jaramillo*, 59 F.3d at 79; *Andes*, 788 F.2d at 1037. Second, the

---

**4.** Claimant subsequently asserted in the criminal proceeding that the dismissal with prejudice of the civil forfeiture action required dismissal of the indictment on double jeopardy, res judicata, and collateral estoppel grounds. *See United States v. O'Dell*, No. 3–94–164 (E.D.Tenn. Sept. 21, 1995), *appeal docketed*, Nos. 95–6414/6415 (6th Cir. Oct. 30, 1995).

**5.** Rule 41(a)(1) provides for dismissal by the plaintiff without an order of the court under certain conditions, such as in the absence of a motion for summary judgment by the adverse party. Although the government's motion sought dismissal pursuant to Rule 41(a) without specifying the subdivision, such a motion had to be pursuant to Rule 41(a)(2) because claimant had filed a motion for partial summary judgment.

plaintiff is entitled to an opportunity to be heard in opposition to dismissal with prejudice. *Jaramillo,* 59 F.3d at 79; *Andes,* 788 F.2d at 1037. Third, the plaintiff must be given an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. *Jaramillo,* 59 F.3d at 79; *Marlow,* 19 F.3d at 305; *Gravatt v. Columbia Univ.,* 845 F.2d 54, 56 (2d Cir.1988).[6] This third requirement is essential because, unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation. *Jaramillo,* 59 F.3d at 79.

The government argues that none of these requirements were met. We question the government's position that it did not have an opportunity to argue against a dismissal with prejudice. The government knew that claimant had requested, in some of his filings, that any dismissal be with prejudice or, in the alternative, under certain conditions. In contrast, the Fourth Circuit in *Andes* emphasized that the district court dismissed the complaint with prejudice on the same day that the defendants filed a memorandum requesting such action. *Andes,* 788 F.2d at 1036; *see also Marlow,* 19 F.3d at 302 (noting that the defendant never asked the court to dismiss the action with prejudice in response to the plaintiff's Rule 41(a)(2) motion). Claimant also argued for dismissal with prejudice at the hearing before the District Court. While the government counters that it did not have notice of *the court's* intention to dismiss with prejudice, the government arguably did have an opportunity at the hearing regarding its motion to argue against such action which claimant had requested repeatedly.

However, we need not decide whether the government received proper notice or whether it had an opportunity to be heard, because we conclude that the District Court abused its discretion when it did not give the government the opportunity to withdraw its motion to dismiss.[7] The District Court's action denied the government the option of trying its case on the merits in that or any other proceeding. Therefore, we vacate the District Court's order dismissing the complaint with prejudice, and we remand for further proceedings consistent with this opinion.

### B. Claimant's Cross–Appeal

#### 1.

In his cross-appeal, claimant first asserts that the District Court erred in refusing to compel the government to answer his request for admissions. " '[I]t is well established that the scope of discovery is within the sound discretion of the trial court.' " *Coleman v. American Red Cross,* 23 F.3d 1091, 1096 (6th Cir.1994) (quoting *United States v. Guy,* 978 F.2d 934, 938 (6th Cir. 1992)). Accordingly, we review discovery matters under an abuse of discretion standard. *Id.*

---

6. In an unpublished decision, the First Circuit stated that it agrees with the *Gravatt* and *Andes* courts that if a district court intends to deny a plaintiff's motion to dismiss, the plaintiff "ordinarily should be given the opportunity to allow the case to proceed on the merits, rather than be subject to a dismissal with prejudice." *De Fontanez v. Jefferson Pilot Life Ins. Co.,* No. 93–2268, 1994 WL 424096 (1st Cir. Aug. 15, 1994).

7. Citing *GAF Corp. v. Transamerica Ins. Co.,* 665 F.2d 364, 368–69 (D.C.Cir.1981), claimant asserts that the District Court did not have to provide the government with an opportunity to withdraw its motion because the government most likely would not have withdrawn given the uncertain state of double jeopardy law at the time, *see, e.g., United States v. Ursery,* 59 F.3d 568 (6th Cir.1995), *rev'd,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). In *GAF Corp.,*

the plaintiff argued that it should have been permitted to withdraw its motion for voluntary dismissal rather than accept the condition imposed. 665 F.2d at 368. The court found that "it [was] highly unlikely" that the plaintiff would have withdrawn and, therefore, that the plaintiff need not have been given an opportunity to do so. *Id.* at 368–69. *GAF Corp.* is distinguishable, however, because it involved the imposition of attorney's fees on the condition of a dismissal *without prejudice.* Consequently, the dismissal did not serve to preclude future litigation of the suit. Here, "[i]t upsets notions of fundamental fairness," *Andes,* 788 F.2d at 1037, for a court to convert a motion to dismiss without prejudice into a dismissal with prejudice without giving the plaintiff an opportunity to proceed with the litigation.

Claimant argues that the admissions tend to show that AUSA Cook obtained his withdrawal from the plea agreement and the dismissal of the original criminal action under false pretenses in order to protect its forfeiture actions from a double jeopardy defense. Claimant further contends that such information is "highly relevant" to the subject matter of this civil action because the District Court had discretion to dismiss the complaint with prejudice or with conditions as a remedial measure. The government argues that the information sought is irrelevant, privileged, and protected in part by Rule 6(e) of the Federal Rules of Criminal Procedure.

Rule 36(a) of the Federal Rules of Civil Procedure provides in pertinent part that "[a] party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1)." Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Although that which is "relevant to the subject matter involved in the pending action" has been construed broadly, discovery has "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947)).

■ We hold that the District Court did not abuse its discretion when it refused to compel the government to grant the discovery request. First, the information that claimant sought is irrelevant to this proceed-

ing. Claimant's relevancy argument is premised on his belief that in the absence of the alleged deceit, the course of the criminal proceeding would have been different.[8] However, the statements were unnecessary to reach the same results. Although claimant asserts that he is entitled to discover whether AUSA Cook obtained the withdrawal of the plea agreement under false pretenses, the fact remains that claimant was unable to comply with the plea agreement which expressly permitted the government to withdraw if certain conditions were not met.[9] In addition, the government could have obtained an indictment from the grand jury in order to bring additional charges against claimant or charges against his relatives regardless of whether the one-count information was pending. Finally, the District Court expressly found that claimant voluntarily withdrew his guilty plea. As the District Court stated, "these cases have progressed pretty much as [the court] would have anticipated due to the extended plea negotiations."

■ Second, the information sought through the admissions request is protected by the attorney work product privilege. This privilege "protects 'the files and the mental impressions of an attorney ... reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways[,]' prepared in anticipation of litigation." *A. Michael's Piano, Inc. v. FTC,* 18 F.3d 138, 146 (2d Cir.) (quoting *Hickman v. Taylor,* 329 U.S. 495, 510–11, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947)), *cert. denied,* —— U.S. ——, 115 S.Ct.

---

8. Claimant agreed at oral argument that the government's actions were proper but for the alleged deceit. As proof of this alleged deceit, claimant relies on the government's statement in its motion to dismiss that it anticipated presenting evidence to a grand jury of "several other crimes (possible charges against this defendant) as well as evidence that other individuals participated in these crimes (possible additional defendants)." Claimant asserts that this was misleading because the government has not brought any actions against claimant's relatives. We note, however, that the government did not state that it would definitely charge claimant's relatives, only that "possible" additional defendants could be included in an indictment. Importantly, the government's motion also mentioned "other crimes"

involving claimant and, in fact, the indictment included more counts against claimant than the original information did.

9. The district court presiding over the criminal case found that the paragraph containing the conditional requirements of the plea agreement was "material and unambiguous" and "allow[ed] the government to withdraw from the agreement if certain conditions were not met." Additionally, the court found that the plea agreement was breached by the actions of a third party, specifically state officials, and that neither the government nor the claimant was responsible for the impasse.

574, 130 L.Ed.2d 490 (1994).[10] The privilege applies to the work product of government attorneys. *Jordan v. United States Dep't of Justice*, 591 F.2d 753, 775 (D.C.Cir.1978) (en banc). In admissions one and two, claimant sought information about AUSA Cook's intentions with regard to potential federal charges against claimant's relatives. A response to the request for admissions would reveal AUSA Cook's mental impressions, opinions, conclusions, and legal strategies formed in anticipation of specific litigation. Therefore, the work product privilege protects the information requested.

Finally, with regard to claimant's third request, Rule 6 of the Federal Rules of Criminal Procedure protects the information sought. Rule 6(e) provides that "an attorney for the government ... shall not disclose matters occurring before the grand jury." Claimant argues that Rule 6(e) does not apply because he asked the government to admit that AUSA Cook *did not* seek an indictment of claimant's father and sons, while Rule 6(e) only protects matters which *did* occur before the grand jury. However, any government statement in response to this request would in effect reveal the nature, scope, or direction of the grand jury inquiry. *See In re Grand Jury Proceedings*, 851 F.2d 860, 867 (6th Cir.1988). Rule 6(e) prohibits such a disclosure. In sum, the District Court did not abuse its discretion in refusing to compel the government to respond to claimant's request for admissions.[11]

**2.**

■ Claimant also contends that the government's refusal to admit AUSA Cook's misconduct constitutes an adoptive admission pursuant to Rule 801(d)(2)(B) of the Federal Rules of Evidence.[12] However, Rule 36 of the Federal Rules of Civil Procedure, which governs requests for admissions, provides that a matter is admitted "*unless*, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or *objection* addressed to the matter." FED. R. CIV. P. 36(a) (emphasis added). Further, "*[u]nless the court determines that an* objection is justified, it shall order that an answer be served." *Id.* The government did not refuse to admit, but rather objected to the request on grounds of lack of relevance, privilege, and grand jury secrecy. Therefore, the government's objections to the request for admissions, which we find to be valid grounds for denying the motion to compel, did not constitute an adoptive admission.

**3.**

■ Finally, claimant argues that the court should draw an adverse inference against the government for relying upon a constitutional privilege in its refusal to admit AUSA Cook's misconduct. Because we find that *the government properly objected to the discovery request on relevance and work product privilege grounds, which are not constitutional privileges, we need not determine the effect of the government's invocation of executive privilege.* In addition, we note that a court should not draw adverse inferences from the failure to respond to an admissions request if the *work product privilege protects the information sought. See 2*

---

10. Although courts most commonly apply the work product privilege to documents and things, the Supreme Court in *Hickman* made clear that disclosure of the opinions or mental processes of counsel may occur when nontangible work product is sought through depositions, interrogatories, and requests for admissions. *See* 329 U.S. at 505, 510–11, 67 S.Ct. at 390–91, 393–94; *see also* 4 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 26.15 (2d ed.1996). When applying the work product privilege to such nontangible information, the principles enunciated in *Hickman* apply, as opposed to Rule 26(b)(3) of the Federal Rules of Civil Procedure, which applies only to "documents and tangible things."

11. We need not consider the government's argument that the information requested is protected by executive privilege because we find that other grounds support the denial of the discovery request.

12. Rule 801 provides in pertinent part that a statement is not hearsay if the statement is offered against a party and is a "statement of which the party has manifested an adoption or belief in its truth." FED. R. EVID. 801(d)(2)(B).

Wigmore on Evidence § 291 (Chadbourn rev.1979).

### C. Claimant's Motion for Sanctions

Claimant seeks sanctions against AUSA Cook on the grounds that (1) AUSA Cook engaged in misconduct in handling the criminal case against claimant; (2) AUSA Cook filed a frivolous appeal of the District Court's order dismissing the civil forfeiture action with prejudice; and (3) the brief filed by AUSA Cook in this appeal contains misrepresentations and thus constitutes a fraud upon the court. We find no merit in claimant's arguments that we should sanction AUSA Cook. We therefore deny the request for sanctions.

### III.

For the foregoing reasons, we **AFFIRM** the District Court's denial of claimant's motion to compel, we **VACATE** the judgment dismissing the complaint with prejudice, and **REMAND** the action to the District Court to permit plaintiff to withdraw its motion to dismiss.