# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3587

_____

Robert Ellingsworth

*Plaintiff - Appellant*

v.

Vermeer Manufacturing Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: December 10, 2019
Filed: February 10, 2020

_____

Before ERICKSON, ARNOLD, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Robert Ellingsworth sued Vermeer Manufacturing Company in Missouri state court, claiming he was injured while operating a Vermeer wood chipper. Vermeer

removed the case and the district court[1] denied Ellingsworth's motions to remand and for leave to amend and granted summary judgment to Vermeer. We affirm each of those rulings.

## I.

Ellingsworth, an employee of Vaught Tree Service, was injured on the job in February 2014. He was feeding a small tree into a Vermeer-manufactured wood chipper using a winch attached to the chipper when the winch line became entangled in the tree's branches. The line was drawn into the chipper and then shot back out, seriously injuring Ellingsworth's legs.

Ellingsworth filed this action in Missouri state court. As relevant here, he alleged products liability and failure to warn claims under both strict liability and negligence theories. He also brought claims against his supervisor at Vaught, Dwayne Marshall, alleging Marshall increased the danger posed by the wood chipper on the job site.

Vermeer, an Iowa citizen, removed the case to federal court asserting diversity jurisdiction. Ellingsworth, a Missouri citizen, moved to remand, arguing there was no complete diversity because Marshall was also a Missouri citizen. The district court denied the motion, finding that Marshall was fraudulently joined because Ellingsworth had no cause of action against him. Shortly after, Ellingsworth voluntarily dismissed Marshall from the case.

---

[1] The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Discovery revealed that although Vermeer manufactured the wood chipper, the winch was an after-market component constructed of mostly Vermeer parts and added by an unknown prior owner. Based on several parts invoices turned up in discovery, Ellingsworth believed that the winch had been constructed by Vermeer Sales of Oklahoma, a Vermeer dealership.[2] Ellingsworth amended his complaint to add Vermeer Oklahoma as a defendant. However, Vermeer Oklahoma was defunct and never answered the complaint. Ellingsworth voluntarily dismissed it from the case after he determined it was essentially unreachable.

With no way to bring Vermeer Oklahoma into the case, Ellingsworth moved to amend his complaint to add a claim for agency liability against Vermeer to hold it liable for the actions of its dealer. The district court denied that motion because the time to amend the complaint under the scheduling order had passed and Ellingsworth could not show "good cause" for the delay.

The district court granted summary judgment to Vermeer on all counts  and Ellingsworth appealed. We have jurisdiction under 28 U.S.C. § 1291.

II.

Ellingsworth challenges the denial of his motion to remand and suggests that we should vacate all of the district court's subsequent rulings and send this case back to state court.

"[A] district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64 (1996). Here,

---

[2] If true, Vermeer Oklahoma violated its dealer agreement, which prohibited it from modifying Vermeer products or manufacturing parts.

-3-

after the district court denied the motion to remand, Ellingsworth voluntarily dismissed the only nondiverse party (Marshall) then in the case. When judgment was entered, there was complete diversity among the parties. Even assuming the district court erred, under *Caterpillar* Ellingsworth cannot get the relief he wants.

To avoid this conclusion, Ellingsworth attempts to confine *Caterpillar* to cases in which federal proceedings have carried on for an unusually long time or culminated in a jury trial. But we have held that "*Caterpillar* suggests a categorical rule, not a case-by-case inquiry into how much time was spent litigating each particular case in the district court," *Buffets, Inc. v. Leischow*, 732 F.3d 889, 898 (8th Cir. 2013), and we have found it applicable to summary judgment, *see Junk v. Terminix Int'l Co.*, 628 F.3d 439, 447 (8th Cir. 2010).

## III.

Ellingsworth next argues that the district court erred when it denied his motion for leave to amend his complaint to add a claim of agency liability against Vermeer. We review that decision for an abuse of discretion. *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014).

Because Ellingsworth sought to amend his complaint after the deadline had passed, he must show "good cause." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *see also* Fed. R. Civ. P. 16(b). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (citation omitted). Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading. *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).

As the district court explained in denying his motion, at the time that Ellingsworth sought leave to amend, no new facts supporting an agency liability claim against Vermeer had come to light. On top of that, the litigation was at an advanced stage and granting the motion would have required reopening discovery. Ellingsworth admits that his real reason for pressing the agency claim belatedly was his realization that he had no other way to hold Vermeer Oklahoma liable for allegedly building and installing the winch. His attempted addition of the claim had more to do with a change in litigation strategy than in the factual or legal basis of his case. That is not sufficient to establish good cause and the district court was well within its discretion to deny the motion.

IV.

Finally, Ellingsworth claims that the district court erred in granting Vermeer's motion for summary judgment on his products liability and failure to warn claims. We review a grant of summary judgment *de novo* and will affirm if the record shows that there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law. *Junk*, 628 F.3d at 450.

On appeal, Ellingsworth makes clear that his remaining claims against Vermeer for both products liability and failure to warn only concern *the winch attachment* to the wood chipper, not the wood chipper itself. Under Missouri law, both strict liability and negligence versions of these claims require that the defendant manufactured or sold the product causing injury. *Johnson v. Auto Handling Corp.*, 523 S.W.3d 452, 466 (Mo. banc 2017) (negligent products liability and failure to warn); *Moore v. Ford Motor Co.*, 332 S.W.3d 749, 756 (Mo. banc 2011) (strict liability failure to warn); *Strong v. Am. Cyanamid Co.*, 261 S.W.3d 493, 506 (Mo. Ct. App. 2007), *overruled on other grounds by Badahman v. Catering St. Louis*, 395 S.W.3d 29, 40 (Mo. banc 2013) (strict liability products liability). That element is fatal to Ellingsworth's case.

The record shows that Vermeer did not manufacture the winch attachment that injured Ellingsworth. It is uncontested that Vermeer offers no after-market winch attachments for sale and that the wood chipper that injured Ellingsworth did not have a winch when Vermeer manufactured it. At most, the evidence suggests that the winch was constructed by a third party out of mostly Vermeer parts, but Ellingsworth's suit is not about the quality of the winch parts. He alleges that Vermeer manufactured the winch itself. Because the record forecloses that argument, the district court correctly granted Vermeer summary judgment. We affirm.

—————————————————