# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3350
_____

Diane Graham

*Plaintiff - Appellant*

v.

Mentor Worldwide LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 15, 2020
Filed: May 25, 2021

_____

Before SMITH, Chief Judge, LOKEN and MELLOY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Diane Graham appeals the district court's[1] denial of her motion to remand a strict product liability claim against Mentor Worldwide LLC to state court, and the court's subsequent decision to deny Graham voluntary dismissal without prejudice

_____

[1] The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

and dismiss her claim against Mentor with prejudice. Reviewing the first issue *de novo* and the second for abuse of discretion, we affirm.

## I.

In 2000, Graham received silicone breast implants manufactured by Mentor at St. Louis Cosmetic Surgery, Inc. ("SLCS"). After a breast MRI in December 2017, Graham's doctor advised in February 2018 that the implants were leaking silicon and she should consider replacing them. Graham decided there was no urgency to replace the implants at that time. In September 2018, Graham was in an auto accident with a car driven by Amy Haley, sustaining injuries that included breast area bruising. After a breast ultrasound, Graham was advised the leaking implants were ruptured and should be immediately removed, a procedure she underwent in November.

Graham then commenced this action in the Circuit Court of St. Louis County. Her First Amended Petition, filed on June 5, 2019, asserted claims of strict product liability against Mentor (Count 1), strict product liability against SLCS (Count 2), and negligent vehicle operation against Haley (Count 3). Graham, Haley, and SLCS are Missouri citizens; Mentor is a foreign corporation. That same day, Mentor filed a Notice of Removal to the Eastern District of Missouri based on diversity jurisdiction, alleging complete diversity because SLCS was fraudulently joined and Haley was fraudulently misjoined. Also on June 5, Haley filed an answer to the First Amended Petition in state court, asserting affirmative defenses including the right to set off any settlement with Graham against Mentor.

With the case now in federal court, SLCS filed a motion to dismiss on June 6, arguing Missouri law bars strict product liability suits against medical providers and against product sellers when another potentially liable entity is properly before the court (here, Mentor). Graham filed a timely motion to remand on June 11. Mentor

-2-

filed a motion to dismiss on June 12, arguing Graham's state law strict product liability claim is preempted by federal law.

The district court ruled on these motions in a July 28, 2019 Memorandum and Order. First, the court agreed that SLCS was fraudulently joined because there is "no reasonable basis in law or fact to support [Graham's strict liability] claim against it." Hubbard v. Federated Mut. Ins. Co., 799 F.3d 1224, 1227 (8th Cir. 2015) (quotation omitted). Therefore, the court dismissed SLCS. These rulings are not at issue on appeal. Second, the court agreed that the negligence claim against Haley was fraudulently *mis*joined. It therefore granted Graham's motion to remand in part, severed the misjoined claim under Rule 21 of the Federal Rules of Civil Procedure, and remanded the negligence claim against Haley to state court.[2] Graham does not appeal the severance and remand rulings but does challenge the district court's decision to adopt and apply the doctrine of fraudulent misjoinder.[3] Third, with the non-diverse defendants now out of the case, the court denied Graham's motion to remand her strict product liability claim against Mentor. It also denied Mentor's motion to dismiss based on federal preemption because the assertion that Graham "received the Mentor Implants as part of a clinical trial approved by the FDA . . . . raises an issue of fact [and the] documents, referenced by [Mentor], have not been made available for the Court to review." Graham's Notice of Appeal states that she

---

[2]Although the issue may not be free from doubt, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." Newman-Green, Inc. v. Alfonzo-Larbain, 490 U.S. 826, 832 (1989).

[3]Other federal courts have recognized this doctrine, first adopted in Tapscott v. MS Dealer Services Corp., 77 F.3d 1353, 1360 (11th Cir. 1996). We "decline[d] to either adopt or reject it" in In re Prempro Products Liability Litigation, 591 F.3d 613, 620 (8th Cir.), cert. denied, 562 U.S. 963 (2010). Again in this case, we decline either to adopt or reject it.

is appealing "the portion of the District Court's [Order] of July 19, 2019 Denying in part Plaintiff's Motion for Remand" to state court.

On August 2, Mentor filed its answer to the First Amended Petition. One month later, the district court issued an order setting a Rule 16 scheduling conference for October 1 and directing counsel to file a Joint Proposed Scheduling Plan no later than September 23. Instead, Graham filed a motion to dismiss without prejudice on September 20, without explaining why she sought dismissal. Mentor responded, arguing that Graham was attempting to avoid adverse summary judgment and therefore the motion should be denied, or the action should be dismissed with prejudice. Graham's reply did not address these issues, simply reiterating her contention that dismissal without prejudice would not prejudice the parties. On October 18, the district court issued a Memorandum and Order dismissing the Amended Petition with prejudice because Graham's failure to give a reason for wanting to dismiss without prejudice reflected an inappropriate purpose "of finding a more favorable forum or to escape an undesirable outcome." An Order of Dismissal was entered that day. Graham timely appealed.

## II.

A. Graham first argues the district court erred in denying her motion to remand the strict product liability claim against Mentor. Even if this court recognizes the doctrine of fraudulent misjoinder, she argues, her disparate claims against Mentor and Haley arise out of the same transaction or occurrence and therefore the "alleged misjoinder [of Haley] is not so egregious as to constitute fraudulent misjoinder." Prempro, 591 F.3d at 622. We decline to consider this argument because, procedurally, it is not properly before us.

In the July 28 interlocutory Order that Graham partially appeals, the district court removed the non-diverse parties by dismissal (SLCS) and by severance and

remand (Haley), leaving only parties that are indisputably diverse, Graham and Mentor. The court then denied the motion to remand the claim against Mentor and denied Mentor's motion to dismiss because it raised fact questions that should be addressed in a motion for summary judgment. Graham could have sought certification for an interlocutory appeal of the remand denial but chose not to do so. See Wilkinson v. Shackelford, 478 F.3d 957, 964 n.4 (8th Cir. 2007). Instead, the litigation proceeded toward discovery and a summary judgment motion the district court had invited.

The district court's order dismissing Graham's claim against Mentor with prejudice was a final judgment for purposes of an appeal under 28 U.S.C. § 1291. See Wright & Miller, Federal Practice and Procedure: Jurisdiction and Related Matters § 3914.6 (2d ed. Supp. 2021). Indeed, had the court granted dismissal *without* prejudice, that order would still have qualified as a final judgment. See Gardiner v. A.H. Robins, Co., Inc., 747 F.2d 1180, 1187 & n.9 (8th Cir. 1984).

"[A] district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered." Junk v. Terminix Intern. Co., 628 F.3d 439, 447 (8th Cir. 2010), cert. denied 565 U.S. 816 (2011), *quoting* Caterpillar Inc. v. Lewis, 519 U.S. 61, 64 (1996). Although the final judgment in Caterpillar was entered after trial and in Junk by summary judgment, "we have held that 'Caterpillar suggests a categorical rule, not a case-by-case inquiry into how much time was spent litigating each particular case in the district court." Ellingsworth v. Vermeer Mfg. Co., 949 F.3d 1097, 1100 (8th Cir. 2020), quoting Buffets v. Leischow, 732 F.3d 889, 898 (8th Cir. 2013). What matters is that "the district court dismissed the jurisdictional spoiler prior to judgment." Buffets, 732 F.3d at 897. As the district court had diversity jurisdiction when it entered final judgment, there is nothing to remand. Because we affirm the dismissal with prejudice, we need not determine whether remand would be required if we reversed the district court's final judgment on the merits *and*

determined that remand had been improperly denied. See Quintero Comm. Ass'n Inc. v. F.D.I.C., 792 F.3d 1002, 1008 n.3 (8th Cir. 2015).

B. Graham next argues the district court abused its discretion in granting voluntary dismissal but dismissing with prejudice. See Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987) (standard of review).

Because Graham moved for voluntary dismissal after Mentor filed its answer, the action could be dismissed "only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(i), (a)(2). When deciding whether to allow voluntary dismissal, the court should consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendant. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." Hamm v. Rhone-Polenc Rorer Farms, Inc., 187 F.3d 941, 950 (8th Cir. 1999) (cleaned up).

Graham argues the court abused its discretion in denying dismissal without prejudice because the case was in its "infancy stages," no discovery had taken place, and "there has not yet been a trial setting." These considerations are relevant but not determinative. Mentor had moved to dismiss Graham's claim on the ground that it was federally preempted by the Medical Device Amendments to the federal Food, Drug and Cosmetic Act as construed in Riegel v. Medtronic, Inc., 552 U.S. 312 (2008). The district court denied that Rule 12(b)(6) motion because it raised fact issues that should be addressed in a summary judgment proceeding. In opposing Graham's motion to dismiss without prejudice, Mentor argued that Graham was attempting to avoid an adverse judgment in the federal forum after Mentor provided documentary evidence supporting its preemption claim and was preparing to conduct discovery in anticipation of a motion for summary judgment on that issue. Graham's reply did not address this contention nor explain why she was seeking dismissal

without prejudice. The district court dismissed with prejudice for these reasons. On appeal, Graham still fails to provide a justification for her motion.

Our prior cases have repeatedly noted the importance of inquiring "into whether a party has a proper explanation for its desire to dismiss" and whether "a party's motive in requesting a voluntary dismissal is merely to seek a more favorable forum." Donner v. Alcoa, Inc., 709 F.3d 694, 699 (8th Cir. 2013); see Blaes v. Johnson & Johnson, 858 F.3d 508, 514-15 and 518-19 (Gruender, J., dissenting) (8th Cir. 2017); Hamm, 187 F.3d at 951. Indeed, in Thatcher v. Hanover Ins. Group, Inc., 659 F.3d 1212, 1214-15 (8th Cir. 2011), we reversed and remanded a grant of voluntary dismissal, concluding the district court abused its discretion by failing to consider whether the plaintiff sought dismissal to avoid adverse judgment or to escape to a more favorable forum. Thus, the district court did not abuse its discretion in denying Graham's motion to dismiss without prejudice.

"Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion for dismissal without prejudice." Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995). But we noted that dismissal with prejudice denies plaintiff a trial on the merits and therefore "the district court must give the plaintiff notice of its intention and a chance to withdraw the request and proceed with litigation." Id. Mentor argues the district court's decision in this case is not inconsistent with Jaramillo because Mentor's motion response gave Graham notice that dismissal with prejudice was at issue, and Graham had multiple opportunities to respond but did not do so -- in her reply to the district court; by filing a motion to reconsider after the district court dismissed with prejudice; and in her briefs on appeal. We agree. We further note that the relief Jaramillo offers is to "proceed with litigation." The only relief Graham seeks on appeal (other than

remand) is the grant of voluntary dismissal without prejudice, reinforcing the inference that her motive is to avoid an adverse judgment in an unfavorable forum.

The judgment of the district court is affirm.

_____