# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1349
_____

Cynthia Thomas,

*Plaintiff - Appellant,*

v.

Heartland Employment Services LLC; HCR Manorcare Medical Services of
Florida, LLC; In Home Health, LLC; G. Dean Hagen,

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 11, 2015
Filed: August 13, 2015

_____

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Cynthia Thomas sued Heartland Employment Services LLC, Heartland
employee G. Dean Hagen, and others, alleging that the defendants terminated
Thomas's employment based on her age, in violation of the Missouri Human Rights
Act (MHRA), Mo. Rev. Stat. § 213.010 *et seq*. The district court granted summary
judgment for the defendants. We conclude that there is a genuine issue of material

fact for trial as to whether age was a contributing factor in Thomas's discharge by Heartland and Hagen. We therefore reverse the judgment and remand for further proceedings on the claim against those defendants.

I.

Heartland employed Thomas as an account liaison from May 2010 until she was terminated on June 24, 2011, at age fifty-three. Thomas's claim of employment discrimination centers on the role of alleged age-based animus of Hagen, a hospice administrator for Heartland, in Thomas's termination.

According to a Heartland employee, Hagen stated in June or July 2011 "that older people didn't work as fast or were as productive as younger people," and made "comments about having fresh blood, younger employees." Hagen referred to Thomas as "the old short blond girl," and soon after Thomas's discharge, Hagen told a Heartland client who expressed concern about Thomas's departure that "he likes to keep himself surrounded with young people." Although Hagen denies that he supervised Thomas or had authority to discharge her, the regional human resources manager for Heartland testified that Hagen was "an indirect supervisor" of the account liaison personnel, and would have been "perfectly within his rights to have input on whether or not Cynthia Thomas was terminated."

Thomas's position as an account liaison included traveling to establish and maintain relationships with Heartland clients. Heartland permitted Thomas to claim reimbursement for the resulting mileage.

Toni Duncan, Heartland's regional manager of business development, and another Heartland employee audited three weeks of Thomas's mileage reimbursement claims after hearing that Thomas may not have visited two clients that she claimed to have visited. They evaluated Thomas's claims and compared them to weekly call

plans that Thomas prepared to describe her projected travel for an upcoming week. The reviewers determined that Thomas had claimed reimbursement for more miles than the distance between the calls listed on the call plans for each of the three weeks. Duncan thus concluded that Thomas had falsified her reimbursement claims, and believed that Thomas's termination was required.

Duncan testified that she informed Hagen of the audit's results after it had been completed. Duncan also said that she told Hagen they "were going to need to" discharge Thomas, and he responded that "he would just sit in as a witness." Heartland employee Laura Cassidy, however, testified that before the termination meeting with Thomas, Hagen stated "he was going to let her go."

Three Heartland employees—Duncan, Hagen, and Robyn Stoy—met with Thomas to discharge her. Duncan informed Thomas that her employment was being terminated due to falsification of mileage claims. Thomas maintains she then responded that she kept records that would explain discrepancies between the claimed mileage and the weekly call plans. According to Thomas, she took additional trips that were not included as projected travel in the call plans, and her mileage claims were truthful and accurate.

Although Duncan testified that she could have brought exculpatory information to the attention of the regional human resources manager to see what could be done, Thomas testified that Duncan rejected her explanation in the meeting. According to Thomas, Hagen dismissed her response by stating that termination "was a decision they had made," and "that this was their decision." When Thomas was asked if the three Heartland employees at the meeting told her who had decided to discharge her, she responded "[n]o," and that "they just used 'we.'" Thomas understood that Hagen participated in the decision because he was at the meeting, and because Stoy, as the newest employee, "was considered the witness."

Thomas filed suit in Missouri court, alleging as relevant on appeal that she was discharged due to her age, in violation of the MHRA; the defendants removed the case to federal court. The district court granted summary judgment for the defendants, reasoning that Thomas had adduced no direct evidence of discrimination. The court concluded that Hagen was not a decisionmaker or closely involved in the termination decision, and that his age-related comments were thus considered "stray remarks." The court also ruled that indirect evidence did not support an inference of discrimination.

We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to Thomas as the nonmoving party, and drawing all reasonable inferences in her favor. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Summary judgment is appropriate if there is no genuine issue of material fact, and Thomas is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

II.

The Missouri Human Rights Act prohibits employers from discharging an employee if the employee's age was a "contributing factor" in the decision. *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 94 (Mo. 2010); *see* Mo. Rev. Stat. § 213.055.1(1)(a). Unlike the federal age discrimination statute, which requires a plaintiff to show that age was a but-for cause of an adverse action, *see Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-77 (2009), Missouri law does not require "a plaintiff to prove that discrimination was a substantial or determining factor" in a discharge. *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 819 (Mo. 2007). The statute's prohibition on "'*any* unfair treatment based on . . . age'" means that "if consideration of age . . . contributed to the unfair treatment, that is sufficient." *Id.* (quoting Mo. Rev. Stat. § 213.010(5)).

A plaintiff can survive a motion for summary judgment by adducing direct evidence of "a specific link between the alleged discriminatory animus and the challenged decision," including "evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude." *Id.* at 818 n.4, 820-21. By contrast, "statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process" do not constitute direct evidence. *Elam v. Regions Fin. Corp.*, 601 F.3d 873, 878 (8th Cir. 2010) (internal quotation mark omitted); *see Daugherty*, 231 S.W.3d at 818 n.4. Thomas contends that she has presented sufficient direct evidence for a jury to infer that Hagen was involved in the decision to terminate her, and that his discriminatory animus likely was a contributing factor.

We conclude that a reasonable jury could infer that Hagen was a decisionmaker, or was closely involved in the decisionmaking process. *See Daugherty*, 231 S.W.3d at 818 n.4; *cf. Torgerson v. City of Rochester*, 643 F.3d 1031, 1044-45 (8th Cir. 2011). According to Heartland's regional human resources manager, Hagen was an "indirect supervisor" of Thomas and had authority to contribute to the decision to discharge her. By Thomas's account, Hagen said at the termination meeting that the discharge "was a decision *they* had made," and that "this was *their* decision." Heartland's representatives at the meeting said that "we"—*i.e.*, a group that included Hagen—made the decision. Hagen himself told another Heartland employee before meeting with Thomas "*he* was going to let her go." A jury could construe these statements as admissions by Hagen or his colleagues at Heartland that Hagen participated in the decisionmaking process. While there is also evidence that Hagen said he would attend the meeting as a witness, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (internal quotation mark omitted).

The district court thought Hagen was not a decisionmaker or closely involved in the decision because Duncan informed Hagen about the decision after it was made, and Hagen spoke only sparingly at the termination meeting. We think this is one reasonable inference from the evidence, but not the only one. A reasonable jury also could credit Duncan's testimony but infer from the facts that Hagen, as one with authority to contribute to the decision, adopted and affirmed the decision to terminate Thomas after he was informed about the mileage investigation and the prospective discharge. The record further supports a reasonable inference that Hagen participated in the decision to refuse revisiting the termination decision after Thomas attempted to rebut the allegations of falsification during the meeting.

Viewing the evidence in the light most favorable to Thomas, we also conclude that the age-related comments that Hagen made in the workplace were sufficiently related to Thomas and to the decisional process to constitute direct evidence of discrimination. Hagen described Thomas as an "old short blond girl." In the same two-month period in which Thomas was discharged, Hagen stated "that older people didn't work as fast or were as productive as younger people," and he "made some comments about having fresh blood, younger employees." "Right after" the termination, Hagen explained to a Heartland client who was concerned about Thomas's absence that "he likes to keep himself surrounded with young people." A reasonable jury thus could infer that Hagen affirmed and took part in Thomas's discharge, that he was motivated by age-based animus, and that his bias was a contributing factor to the adverse employment action. *See Denesha v. Farmers Ins. Exch.*, 161 F.3d 491, 500-01 (8th Cir. 1998); *Fast v. S. Union Co.*, 149 F.3d 885, 891 (8th Cir. 1998).

\* \* \*

For the reasons stated, the judgment of the district court as to defendants Hagen and Heartland is reversed, and the case is remanded for further proceedings. The

judgment dismissing claims against HCR Manorcare Medical Services of Florida, LLC and In Home Health, LLC, is affirmed, because Thomas has presented insufficient evidence that either entity was her employer.

_____