# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2764
_____

Rodney Shanner and Rita Shanner

*Plaintiffs - Appellants*

v.

United States of America

*Defendant - Appellee*
_____

Appeal from United States District Court for the
Eastern District of Arkansas
_____

Submitted: June 17, 2020
Filed: May 26, 2021
_____

Before LOKEN and GRASZ, Circuit Judges, and PITLYK,[1] District Judge.
_____

PITLYK, District Judge.


Pastor Rodney Shanner tripped on an uneven sidewalk outside a veterans'
hospital and was seriously injured. Mr. Shanner and his wife, Rita, brought this suit

---

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern
District of Missouri, sitting by designation.

against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, alleging negligence and loss of consortium. The District Court granted summary judgment in the Government's favor, and the Shanners appeal. We reverse.

**I**

On March 4, 2015, Mr. Shanner was leaving the Central Arkansas Veterans Healthcare System after visiting a hospitalized member of his congregation. Finding his usual door blocked, he exited through a different one. As he exited, he was looking out at other pedestrians and traffic when he tripped on the sidewalk, lost his balance, and ultimately fell onto his right shoulder and face.

After bystanders helped Mr. Shanner into a wheelchair, he identified an uneven part of the sidewalk as the cause of his fall. A hospital police officer who reported to the scene and took Mr. Shanner's statement estimated that there was a height difference of roughly half an inch between the slabs in the sidewalk at the spot Mr. Shanner indicated.

The Shanners sued the United States in the United States District Court for the Eastern District of Arkansas for negligence and loss of consortium. The Government moved for summary judgment, arguing that the Shanners' claims failed as a matter of law because the uneven sidewalk was open and obvious, and therefore the Shanners could not prevail on a negligence claim as a matter of law. The District Court agreed and granted the Government's motion for summary judgment.[2]

On appeal, the Shanners argue that the District Court erred in granting the Government's motion because there was a genuine dispute as to whether the uneven sidewalk was an obvious hazard. They argue further that, even if the uneven

---

[2]The parties agree that the disposition of Mrs. Shanner's loss-of-consortium claim on summary judgment depends on that of Mr. Shanner's negligence claim.

sidewalk was obvious, the Government was not entitled to summary judgment because Mr. Shanner was forced to encounter the uneven sidewalk to perform his pastoral duties.[3]

## II

We review a district court's grant of summary judgment de novo. *Argenyi v. Creighton Univ.*, 703 F.3d 441, 446 (8th Cir. 2013). We construe the facts in the light most favorable to the nonmoving party—in this case, the Shanners—and give them the "benefit of all reasonable inferences in the record." *Id*. Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

When analyzing actions brought under the FTCA, courts apply the substantive law of the state in which the events giving rise to the complaint occurred. *Little White Man v. United States*, 446 F.3d 832, 835 (8th Cir. 2006) (citing 28 U.S.C. § 1346(b)). The Shanners' FTCA claims are thus governed by Arkansas state law. To prove that the United States was negligent under Arkansas law, the Shanners must show that: (i) the United States owed Mr. Shanner a duty, (ii) the United States breached that duty, and (iii) the breach was the proximate cause of Mr. Shanner's injuries. *Yanmar Co., Ltd. v. Slater*, 386 S.W.3d 439, 449 (Ark. 2012). Whether a particular duty is owed is a question of law for the court. *D.B. Griffin Warehouse, Inc. v. Sanders*, 76 S.W.3d 254, 262 (Ark. 2002).

The parties agree that Mr. Shanner was an invitee of the hospital at the time of his fall. Under Arkansas law, a property owner has "a duty to exercise ordinary care to maintain [the] premises in a reasonably safe condition for the benefit of an invitee." *Delt v. Bowers*, 249 S.W.3d 162, 164-65 (Ark. Ct. App. 2007) (citing *Conagra v. Strother*, 5 S.W.3d 69 (Ark. Ct. App. 1999)). Where, as here, an invitee is injured, "[t]he property owner is liable if he or she has superior knowledge of an

---

[3]Because we find that there is a genuine factual dispute as to whether the uneven sidewalk was obvious, we do not reach whether Mr. Shanner was forced to encounter it.

unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or should not know." *Hope Med. Park Hosp. v. Varner*, 568 S.W.3d 818, 822 (Ark. Ct. App. 2019). But "[a]n Arkansas landowner generally does not owe a duty to an invitee if a danger is known or obvious." *Dollar Gen. Corp. v. Elder*, 600 S.W.3d 597, 603 (Ark. 2020).

On summary judgment, the Government argued that Mr. Shanner could not show negligence on the part of the hospital because the uneven sidewalk was "open and obvious." Arkansas law holds that a condition is obvious if "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Shook v. Love's Travel Stops & Country Stores, Inc.*, 536 S.W.3d 635, 639 (Ark. Ct. App. 2017) (quoting *Van DeVeer v. RTJ Inc.*, 101 S.W.3d 881, 885 (Ark. Ct. App. 2003)). In support of its claim, the Government pointed out to the District Court that, after the accident, both Mr. Shanner and the responding police officer observed where the sidewalk was uneven. The Government also cited the testimony of a hospital safety specialist that the sidewalk "obviously has the potential to cause someone to trip."

In response, the Shanners argued that summary judgment was not proper because whether the uneven sidewalk was an obvious hazard was in dispute. In support, they collected evidence from the record that a reasonable person in Mr. Shanner's position would not have noticed the uneven sidewalk. Specifically, they noted that the same hospital safety specialist relied on by the Government had also testified that "there was nothing about the sidewalk that said to [him], wow, that's a tripping hazard." And they cited an engineer who, after inspecting the site of the fall, indicated that black material in the jointed area between slabs made the unevenness of the sidewalk less noticeable than it might otherwise have been, and stated that he was unsure if he would have noticed the hazard if he had not been looking for it.

-4-

Where a plaintiff has submitted evidence that a reasonable person in his position would not have been aware of a dangerous condition, Arkansas courts have found summary judgment inappropriate. *See, e.g.*, *Noel v. Cox*, 570 S.W.3d 510, 515 (Ark. Ct. App. 2019) (dispute over the obviousness of a hazard "present[ed] an issue of fact not properly resolved by summary judgment"); *Shook*, 536 S.W.3d at 639 (where the plaintiff "presented evidence that a reasonable person in [plaintiff's] position . . . would not have recognized or appreciated the risk," "the record presents an issue of fact not properly resolved by summary judgment"). This case is such a case. The Shanners made a showing that a reasonable person in Mr. Shanner's position would not have recognized the danger posed by the uneven sidewalk. Construing the factual record in the light most favorable to the Shanners, there was a genuine dispute of material fact about whether the uneven sidewalk was obvious.

In resolving the obviousness question in favor of the Government, the District Court relied on the fact that, after the incident, both Mr. Shanner and the investigating police officer were able to identify the uneven portion of the sidewalk. During the pendency of this appeal, the Supreme Court of Arkansas has clarified that whether a hazard is identifiable in a targeted after-the-fact search is not dispositive of whether the hazard would have been obvious to someone exercising ordinary caution in the conduct of his or her normal activities. *See Elder*, 600 S.W.3d at 604 ("[A]n expert's trained eye that is looking with 20/20 hindsight for dangerous conditions cannot be equated to a customer who casually enters a store and may be less concerned with evaluating the surface characteristics of the concrete walkway than with avoiding a collision with other customers entering or leaving the store."). Although the after-the-fact examination in *Elder* was conducted by an expert, not a layperson, the status of the examiner is not decisive. It defies experience and common sense to hold a person exercising ordinary care while going about his or her normal activities to the same epistemic standard as someone who is searching for the cause of an accident after it has taken place.

Because after-the-fact recognition of the uneven sidewalk is not dispositive of what would have been apparent to a reasonable person "exercising ordinary

perception, intelligence, and judgment," *Shook*, 536 S.W.3d at 639, and the Shanners produced evidence that the uneven sidewalk would not have been apparent to such a person, the District Court erred in granting summary judgment to the Government on that issue.

The District Court further held that even if the sidewalk was not obvious, the Government was entitled to summary judgment because there was no evidence the hospital was aware of the hazardous condition or should have anticipated an unreasonable risk of harm. It is true that, under Arkansas law, invitors owe a duty of care only when they know of, or "by the exercise of reasonable care would discover," a dangerous condition on the property. *Van DeVeer*, 101 S.W.3d at 883-84 (quoting Restatement (Second) of Torts, § 343 (1965)). But that issue was not raised by either party during the summary judgment proceedings; therefore, the District Court should not have entered summary judgment on it. *Heisler v. Metro. Council*, 339 F.3d 622, 631 (8th Cir. 2003) ("We have repeatedly held that in the Eighth Circuit, a district court commits reversible error when it grants summary judgment on an issue not raised or discussed by the parties."). And although this Court may affirm a grant of summary judgment on any ground supported by the record, *Jacobson v. McCormick*, 763 F.3d 914, 916-17 (8th Cir. 2014), the record here is underdeveloped as to whether the hospital would have discovered the uneven sidewalk "by the exercise of reasonable care." Accordingly, we cannot affirm summary judgment on that basis.

## III

For the foregoing reasons, we reverse the District Court's entry of summary judgment and remand for further proceedings consistent with this opinion.

_____