# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1051
_____

Robert K. Rickman

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: June 9, 2022
Filed: June 15, 2022

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Robert Rickman appeals the district court's[1] adverse grant of summary judgment in his pro se Federal Tort Claims Act (FTCA) action. Upon careful de novo review, see Shanner v. United States, 998 F.3d 822, 824 (8th Cir. 2021) (standard of

_____

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Judge for the Southern District of Iowa, now retired.

review), we affirm. We agree with the district court that Rickman was required to offer expert testimony to prove his medical malpractice claims under California and Iowa law, as the relevant standards of care for prescribing a psychotropic medication and for treating his eye condition were not established by the evidence of record, and were not obvious to or within the common understanding of a layman. See id. (when analyzing FTCA actions, courts apply substantive law of state in which events giving rise to complaint occurred); Graeve v. Cherny, 580 N.W.2d 800, 801-02 (Iowa 1998) (expert testimony is ordinarily required to establish prima facie case of medical malpractice, unless physician's lack of care is so obvious as to be within comprehension of layman); Johnson v. Superior Ct., 49 Cal. Rptr. 3d 52, 58 (Cal. Ct. App. 2006) (in medical malpractice case, expert testimony is required to prove or disprove that defendant performed in accordance with standard of care, unless negligence is obvious to layperson). We reject Rickman's argument that the expert-testimony requirement violated his equal protection rights, either by treating indigent litigants differently than wealthy litigants, see Kennis v. Mercy Hosp. Med. Ctr., 491 N.W.2d 161, 167 (Iowa 1992) (rejecting argument that statute requiring timely disclosure of expert testimony in medical malpractice cases violated Equal Protection Clause by discriminating against plaintiffs without money), or by treating medical malpractice plaintiffs differently than other tort plaintiffs, see DiAntonio v. Northampton-Accomack Mem'l Hosp., 628 F.2d 287, 291 (4th Cir. 1980) (different treatment of medical malpractice plaintiffs from other tort plaintiffs is not denial of equal protection).

The judgment is affirmed. See 8th Cir. R. 47B.

_____

-2-