# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3134
_____

Robert Morrow, Executor of the estate of James Meyer; Linda Meyer, Surviving Spouse of James Meyer

*Plaintiffs - Appellants*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: May 12, 2022
Filed: August 30, 2022

_____

Before SMITH, Chief Judge, COLLOTON and SHEPHERD, Circuit Judges.

_____

SMITH, Chief Judge.

Linda Meyer, wife of decedent James Meyer, and Robert Morrow, executor of the estate of James Meyer, brought suit under the Federal Tort Claims Act (FTCA).

The district court[1] granted summary judgment to the government, dismissing the suit with prejudice. We affirm.

## I. *Background*

In November 2017, Mr. Meyer sought treatment at the Iowa City Veterans Affairs Medical Center (VAMC) emergency department to address cramps under his ribs and forearms. A chest x-ray revealed a "possible malignancy": a mass of "4.9 cm [diameter of] oval density in the left upper lung." R. Doc. 1, at 2 (all caps omitted). In October 2018, Mr. Meyer went to the VAMC primary care clinic complaining of shortness of breath. Additional imaging was ordered and revealed that the mass had grown to 13.9 cm in diameter. Mr. Meyer was told that he had lung cancer. In February 2019, Mr. Meyer died of lung cancer.

Robert Morrow and Mrs. Meyer (collectively, plaintiffs), on behalf of Mr. Meyer's estate, filed a lawsuit against the federal government under the FTCA for alleged medical negligence on the part of the VAMC staff. The plaintiffs filed their complaint on January 22, 2021. The government filed its answer on April 8, 2021. The plaintiffs failed to serve the government with a certificate-of-merit affidavit for claims alleging medical malpractice as required by Iowa Code § 147.140. Iowa law requires plaintiffs to serve the opposing party with a certificate of merit, an affidavit signed by an expert witness stating the appropriate standard of care and its alleged breach, within 60 days after the government files its answer. Iowa Code § 147.140(1)(a). In this case, the deadline for serving the certificate elapsed on June 7, 2021.

---

[1]The Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

The government filed a motion for summary judgment on June 23, 2021, arguing that the plaintiffs' failure to timely provide it with a certificate of merit required that their claim be dismissed. That same day, the plaintiffs filed an untimely notice of service of the certificate of merit.

Two days later, on June 25, 2021, the plaintiffs filed a motion for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). The motion requested that the court (1) grant their motion to dismiss without prejudice and (2) allow them the opportunity to refile their complaint within the six-month statute of limitations. The government opposed the plaintiffs' motion for voluntary dismissal without prejudice and asked the district court to deny the plaintiffs' motion, grant its pending motion for summary judgment, and dismiss the plaintiffs' complaint with prejudice. The district court granted all of the government's requests. This appeal followed.

## II. *Discussion*

On appeal, the plaintiffs argue that the district court (1) erred in denying their motion for voluntary dismissal and (2) erred in granting summary judgment to the government.

### A. *Motion for Voluntary Dismissal Without Prejudice*

We review a district court's decision of whether "to allow a plaintiff to dismiss a case voluntarily" for abuse of discretion. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 763 (8th Cir. 2001).

The plaintiffs argue that, because the purpose of the Iowa certificate requirement is "to show that the plaintiff's claim at least has colorable merit," the interests of justice require that, whenever possible, cases should be decided on their merits. Appellants' Br. at 11–12. According to the plaintiffs, "voluntary dismissal under Rule 41(a)(2) would serve the interests of justice without subjecting the

defendant to undue prejudice." *Id*. at 8. They argue that, if allowed to voluntarily dismiss without prejudice, they would then be able to refile their case *nunc pro tunc* and that the government would only be slightly inconvenienced.

The plaintiffs do not contest that the certificate filing was, in fact, untimely under Iowa law. Their argument is that no prejudice resulted from the tardiness of the filing because the government's actions prior to the complaint's dismissal motion essentially acknowledged the existence of merit in the claim. The district court recognized the early stage of the litigation but concluded that the plaintiffs' reasons for seeking voluntary dismissal did not justify granting the relief. According to the court:

> Although this case is in its infancy because no discovery beyond initial disclosures has occurred, this factor does not outweigh the ultimate conclusion that Plaintiffs' underlying reason for filing their Motion to Dismiss is to correct a procedural defect their untimely provision of a certificate of merit created and to avoid an unfavorable ruling from this court. Federal Rule of Civil Procedure 41(a)(2) and the accompanying case law forbid voluntary dismissal under these circumstances. Accordingly, Plaintiff[s'] Motion to Dismiss is denied.

R. Doc. 25, at 6.

"Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion for dismissal without prejudice." *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021) (quoting *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995)). In this case, the district court not only denied the plaintiffs' motion for voluntary dismissal without prejudice but also dismissed the plaintiffs' complaint with prejudice, which it could do. *See id*.

-4-

"Because [the Plaintiffs] moved for voluntary dismissal after [the government] filed its answer, the action could be dismissed 'only by court order, on terms the court considers proper.'" *Id.* (quoting Fed. R. Civ. P. 41(a)(1)(A)(i), (a)(2)). The district court did not abuse its discretion by denying the plaintiffs' motion for voluntary dismissal without prejudice.

## B. *Motion for Summary Judgment*

We review de novo a district court's grant of summary judgment. *Thomas v. Heartland Emp. Servs. LLC*, 797 F.3d 527, 529 (8th Cir. 2015). "Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004).

> [A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party. The moving party has the burden of proving that these requirements have been met.

*RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

The district court, in its summary-judgment order, noted that "[a]lthough this is a federal case, 'the substantive law of the state' governs the [g]overnment's FTCA liability." R. Doc. 25, at 7 (quoting *Shanner v. United States*, 998 F.3d 822, 824 (8th Cir. 2021)). The court went on to "find[] that the requirements of Iowa Code Section 147.140 are substantive and enforceable, as here, in the FTCA context." *Id.*

Iowa Code § 147.140(1)(a), in relevant part, states:

In any action for personal injury or wrongful death against a health care provider based upon the alleged negligence in the practice of that

profession or occupation or in patient care, which includes a cause of action for which expert testimony is necessary to establish a prima facie case, the plaintiff shall, prior to the commencement of discovery in the case and within sixty days of the defendant's answer, serve upon the defendant a certificate of merit affidavit signed by an expert witness with respect to the issue of standard of care and an alleged breach of the standard of care. The expert witness must meet the qualifying standards of section 147.139.

Both parties point to *McHugh v. Smith*, 966 N.W.2d 285 (Iowa Ct. App. 2021), for support. However, *McHugh* provides meaningful support only for the government's position. As the *McHugh* court noted, "[A]s the remedy for a plaintiff's failure to 'substantially comply' with the certification-of-merit-affidavit requirement, upon a defendant's motion, the court must dismiss 'with prejudice . . . each cause of action as to which expert witness testimony is necessary to establish a prima facie case.'" *Id.* at 288 (second alteration in original) (quoting Iowa Code § 147.140(6)).

The plaintiffs argue that their filing of unverified medical records with the complaint substantially complied with the requirement to file an expert witness affidavit on the question of the standard of care within the prescribed deadline. The district court concluded, relying on *McHugh*, that the records do not substantially comply. We agree.

The plaintiffs also request that this court read a "good-cause" provision into § 147.140 that would be applicable even after the statute's 60-day deadline. We decline to read the statute in that manner. The extension provided in the statute requires action by the plaintiff before the 60-day deadline. Iowa Code § 147.140(4).

It is undisputed that the plaintiffs failed to serve the government with a certificate of merit within 60 days of the government filing its answer. Because "[t]he statute permits dismissal upon defendant's motion alleging plaintiff's inaction," we

refuse to "read in a requirement for defendants to show they were prejudiced by the delay." *McHugh*, 966 N.W.2d at 291. The district court did not err in granting summary judgment to the government and in dismissing the plaintiffs' complaint with prejudice.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____