# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3071
_____

One Love Housing, LLC, et al.

*Plaintiffs - Appellees*

v.

City of Anoka, Minnesota

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 17, 2023
Filed: February 15, 2024

_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

One Love Housing, LLC ("One Love"), is a for-profit company that owns and operates a residential sober living home in the City of Anoka, Minnesota, renting rooms to recovering alcoholics and substance abusers. The home is located in an area of the City where only a single family or a group of not more than four unrelated persons are permitted to reside together. In this action, One Love and two residents of the home allege that the City violated the Americans with Disabilities Act

("ADA") and the Fair Housing Act ("FHA")[1] when it refused to grant a waiver from the City's zoning regulations that would allow seven unrelated recovering addicts to live together in the home. Plaintiffs assert disparate treatment, disparate impact, and failure-to-accommodate discrimination claims under both the FHA and the ADA. Ruling on cross motions for summary judgment, the district court granted Plaintiffs summary judgment on their failure-to-accommodate claim and ordered the City to grant One Love's request for a reasonable accommodation. The parties stipulated to an award of $3,000.00 damages. The court awarded One Love substantial attorneys' fees and costs and entered final judgment.

The City appeals, urging us to reverse the district court judgment "in its entirety" and remand with directions to enter judgment in favor of the City. "We review the grant of summary judgment *de novo*, viewing the facts in the light most favorable to the non-moving party." Goldsmith v. Lee Enters., Inc., 57 F.4th 608, 610 (8th Cir. 2023). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment is appropriate. Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quotation omitted). We conclude the summary judgment record reveals genuine issues of material fact that preclude the grant of summary judgment on Plaintiffs' reasonable accommodation claim. We therefore reverse and remand for further proceedings.

## I. Background

In 2017, One Love purchased the four-bedroom single-family home, which is licensed as a sober home located in an R-1 zone, where only single-family dwellings are permitted as of right. Anoka, Minn., Code § 74-213(b)(1). Since 2004, the Code

---

[1]See 42 U.S.C. §§ 3613, 12133. Any reference to the FHA in this opinion includes both the Fair Housing Act of 1968 and the Fair Housing Amendments Act ("FHAA") of 1988.

has defined "family" as including "a group of not more than four [unrelated persons] maintaining a common household, and using common cooking and kitchen facilities." Id. § 74-2. One Love nonetheless intended to rent rooms in the home to seven unrelated recovering alcoholics and substance abusers. In early 2018, One Love inquired about the City's procedure for requesting reasonable accommodations to its zoning ordinances. After discussions with City staff, One Love submitted a letter requesting as a reasonable FHA accommodation that the City waive the four-unrelated-person limit, and arguing that failure to grant the request would be unlawful discrimination against a group of unrelated disabled persons -- recovering alcoholics and drug addicts. The letter cited district court cases from around the country allegedly supporting this argument.

As the City then lacked a formal procedure to consider reasonable accommodation requests, the City Council undertook to address that issue. Following three meetings, the Council unanimously adopted amendments to the City's Sober Home Licensing ordinance creating a reasonable accommodation application process and spelling out factors the Council would evaluate when considering applications. On September 23, 2018, using the City's new request form, One Love submitted a reasonable accommodation request that the City waive the rule against more than four unrelated persons residing together in an R-1 zone so its home could have up to seven residents. The application stated that "[a]lcoholism is a disability under the [FHA] because it is an impairment that substantially limits one or more major life activities," and that the requested accommodation was "necessary to provide a strong support group in a residential environment" for the sober home's residents.

The City Council considered One Love's request at a November 19 public meeting. Several citizens living near One Love's sober home made comments; most were not in favor of expanding the home's occupancy. One Love's counsel stated that the request for seven residents was necessary because between seven and fifteen residents were needed to create a therapeutic environment that would provide the

most benefit to recovering alcoholics and substance abusers, and seven residents were necessary for One Love to earn enough rental income to cover the home's expenses. Counsel said he could provide "citations and things" demonstrating the need for at least seven residents to create the most beneficial therapeutic environment for recovering addicts. One Love's business manager said she would provide "whatever it is that you need" to grant the reasonable accommodation request.

The meeting ended with a majority of the five-member City Council expressing opposition to One Love's requested accommodation. Mayor Phil Rice directed City staff to prepare a resolution denying the request. The proposed resolution was considered by the Council on December 3, 2018. In the interim, One Love did not provide any additional supporting information. The Council unanimously passed a resolution stating that the Anoka City Council "finds that the Applicant has not shown how an increase in occupancy from 4 unrelated persons to 7 unrelated persons is specifically needed to accommodate the need of the disabled" and "finds that financial considerations concerning the number of residents needed to maintain the financial viability of the sober house is not a consideration for whether to grant or deny the reasonable accommodation request."

On February 8, 2019, One Love submitted a Request for Reconsideration of the reasons offered for the denial of its requested reasonable accommodation. This Request stated that One Love "can demonstrate that the ability of recovering alcoholics and drug addicts to live in a supportive drug-free environment in a quiet residential area is critical to their recovery." One Love again cited federal district court decisions allegedly supporting its argument that having seven residents in the home was necessary to create a proper therapeutic environment for recovering addicts, and that financial viability of the sober home is a valid consideration in assessing the necessity for a reasonable accommodation request.

-4-

With no response, Plaintiffs filed this action on May 10, alleging the City violated the FHA and the ADA by refusing to grant a reasonable accommodation and by discriminating against Plaintiffs on the basis of disability. Plaintiffs sought injunctive relief preventing the City from interfering with the operation of the sober home, which was already housing seven residents in violation of the City's zoning ordinances, given the denial of One Love's reasonable accommodation request. During discovery, the district court overruled the City's objections and allowed Plaintiffs to depose all five Council members who voted to deny One Love's application because the lawsuit included claims of intentional discrimination.

In support of their motion for summary judgment, Plaintiffs submitted an expert report from John Curtiss opining that housing seven residents in One Love's sober home was "both optimal and necessary," and that One Love could not financially maintain the sober home with only four residents. The City argued the report should not be considered in deciding Plaintiffs' reasonable accommodation claim because it had not been presented to the City Council when the Council considered One Love's request. In granting Plaintiffs summary judgment on the failure-to-accommodate claim, the district court admitted and considered the Curtiss report. The court found that Plaintiffs submitted evidence establishing as a matter of law that One Love's requested accommodation was reasonable and necessary, and that the City failed to present evidence showing that the accommodation would either impose an undue burden on the City or fundamentally alter its zoning scheme.

## II. Discussion

**A. The Statutory Context.** The FHA makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1). The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or

-5-

activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The FHA definition of "handicap" and the ADA definition of "disability" use almost the same language. See 42 U.S.C. §§ 3602(h), 12102(1).[2]

Both statutes define discrimination to include refusing to make "reasonable accommodations" to persons with disabilities. See 42 U.S.C. § 3604(f)(3)(B) (FHA); 42 U.S.C. § 12132, 28 C.F.R. § 35.130(b)(7)(i) (ADA). Both "prohibit governmental entities from implementing or enforcing housing policies in a discriminatory manner against persons with disabilities" and both "apply to municipal zoning decisions." Tsombanidis v. West Haven Fire Dep't, 352 F.3d 565, 573-74 (2d Cir. 2003); see Familystyle of St. Paul, Inc. v. City of St. Paul, 923 F.2d 91, 93 (8th Cir. 1991). Thus, courts considering claims relating to housing disputes analyze FHA and ADA disability discrimination claims "as one," as the district court did in this case. Sailboat Bend Sober Living, LLC v. City of Fort Lauderdale, 46 F.4th 1268, 1275 (11th Cir. 2022); see Tsombanidis, 352 F.3d at 573 n.4; Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City, 685 F.3d 917, 919 (10th Cir. 2012). At least in this case, we agree with this approach.

The primary issue on appeal is whether the district court erred in granting Plaintiffs summary judgment on their claim that the City failed to make a reasonable accommodation by waiving a zoning restriction that does not allow One Love to house seven unrelated people in its sober home. The FHA prohibits "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped person] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). As the Fourth

---

[2]The FHA uses the term "handicap" while the ADA uses the term "disability." Because we are treating Plaintiffs' claims under both statutes together, we will use the term "disability" to encompass both terms.

Circuit summarized this statute in affirming the denial of a requested accommodation to expand the number of permitted residents in a group home for the elderly:

> The FHA thus requires an accommodation for persons with handicaps if the accommodation is (1) reasonable and (2) necessary (3) to afford handicapped persons equal opportunity to use and enjoy housing. Because the FHA's text evidences no intent to alter normal burdens, the plaintiff bears the burden of proving each of these three elements by a preponderance of the evidence.

Bryant Woods Inn, Inc. v. Howard Cnty., 124 F.3d 597, 603-04 (4th Cir. 1997) (citations omitted), followed in Klossner v. IADU Table Mound MHP, LLC, 65 F.4th 349, 354 (8th Cir. 2023). An accommodation is unreasonable if it either "imposes undue financial and administrative burdens . . . or requires a fundamental alteration in the nature of the program." Schwarz v. City of Treasure Island, 544 F.3d 1201, 1220 (11th Cir. 2008), quoting School Bd. v. Arline, 480 U.S. 273, 288 n.17 (1987).

**B. Do Plaintiffs Lack Standing?** On appeal, the City argues that Plaintiffs lack standing because they cannot establish that the residents of One Love's sober home have a disability within the meaning of the Acts. The district court briefly addressed this issue. To the extent it is preserved for appeal, it is without merit.

Congress granted standing to commence a private FHA action to persons "aggrieved [by] an alleged discriminatory housing practice." § 3613(a)(1)(A). Thus, whether Plaintiffs have a qualifying disability is not a question of standing. "Rather, disability is simply one of several elements that plaintiffs must establish to recover under the [FHA and ADA]." Meraki Recovery Housing, LLC v. City of Coon Rapids, No. 20-CV-0203, 2021 WL 5567898, at *4 n.8 (D. Minn. Nov. 29, 2021).

The FHA expressly provides that the term handicap "does not include current, illegal use of or addiction to a controlled substance." 42 U.S.C. § 3602(h). But

residents of a sober home who are recovering alcoholics or drug addicts may establish they have a qualifying disability if they prove "a physical or mental impairment which substantially limits one or more of such person's major life activities," or that they are "regarded as having such an impairment." Id; see also 42 U.S.C. § 12102(1). The administrative record establishes that the City in considering the requested reasonable accommodation regarded applicant One Love as representing and acting on behalf of residents who qualified as persons with a disability under the FHA and the ADA.

The City's amended Sober Home Licensing Ordinance defines a "sober home" as "[a] dwelling unit occupied by not more than four (4) unrelated individuals . . . all of whom are in recovery from chemical dependency *and considered disabled under the Federal Fair Housing Act Amendments of 1988*." Anoka, Minn., Code § 48-142 (emphasis added). City staff and the City Attorney advised the City Council that individuals recovering from drug and alcohol addictions are considered disabled under the FHA. Consistent with the Ordinance, the City Council resolution denying One Love's reasonable accommodation request stated that "[w]hether there is a qualifying disability" is one of the criteria the Council considered before denying the request. Lack of a qualifying disability was not a reason stated in the resolution denying the requested accommodation.

**C. An Evidentiary Issue.** In ruling that One Love's requested accommodation is reasonable and necessary as a matter of law, the district court considered the expert report of John Curtiss, a report One Love did not present to the City Council in either its initial Request or its later Request for Reconsideration. The City argues on appeal this was error; the court should have only considered the record before the City Council at the time it decided to deny the reasonable accommodation request, not further evidence developed for this litigation.

We have not addressed this issue.[3] Plaintiffs cite district court cases that are either off point or do little more than state that additional evidence is admissible in a private FHAA enforcement action. Three circuit courts have taken a careful look at the issue. In Bryant Woods, the Fourth Circuit upheld a County Planning Board decision, after a "full public hearing," to deny an FHA zoning accommodation claim because the plaintiff failed to present evidence *to the Board* establishing that the requested accommodation was necessary within the meaning of the FHA. 124 F.3d at 600, 604-05. In Keys Youth Services, Inc. v. City of Olathe, the Tenth Circuit, citing Bryant Woods and our decision in Oxford House-A v. City of University City, 87 F.3d 1022 (8th Cir. 1996), agreed with the district court that the City "cannot be liable for refusing to grant a reasonable and necessary accommodation if the City never knew the accommodation was in fact necessary." 248 F.3d 1267, 1275-76 (10th Cir. 2001). In Lapid-Laurel, the Third Circuit joined the Tenth and Fourth Circuits, "holding that courts hearing reasonable accommodations challenges should ordinarily limit their review to the administrative record":

> This rule permits local land use boards to have the initial opportunity to provide reasonable accommodations to facilitate housing for the

---

[3]In support of its ruling, the district court noted that we "specifically referenced expert testimony introduced in district court" in Oxford House-C v. City of St. Louis, 77 F.3d 249, 252 (8th Cir. 1996). The Oxford House-C plaintiffs refused to apply for a zoning variance before suing to enjoin enforcement of the City's zoning restriction, so there was no prior administrative record. In vacating a preliminary injunction, we noted that the testimony of Oxford House's own expert at the preliminary injunction hearing did not support the injunction and concluded the district court clearly erred in finding it would have been futile to apply for a variance. Id. at 253. Here, it would not have been futile for Plaintiffs to present the additional evidence of reasonableness and necessity that it repeatedly told the City it could obtain -- before the City Council denied its application, or in support of its request for reconsideration. We are reviewing the grant of summary judgment in favor of Plaintiffs on these fact-intensive issues, not the grant of a preliminary injunction.

handicapped; it also comports with the tradition in American law that land use decisions are quintessentially local in nature. . . .

Notwithstanding the foregoing, we point out that it may be necessary for a court reviewing an FHAA reasonable accommodations claim to look outside of the administrative record when a land use board either intentionally or inadvertently prevents an applicant from presenting the evidence necessary to support an FHAA reasonable accommodations claim.

284 F.3d at 451. We agree with these decisions and hold that, ordinarily, "federal courts should limit their review to the materials that were presented to the local land use board, except in circumstances where the board prevents applicants from presenting sufficient information." Id. at 450.[4] We think this general rule is in harmony with our conclusion in Oxford House-C that Congress "did not intend the federal courts to act as zoning boards by deciding fact-intensive accommodation issues in the first instance." 77 F.3d at 253. Here, the City did not prevent Plaintiffs from obtaining and presenting the Curtiss report before the City Council ruled on their reasonable accommodations request,[5] nor do Plaintiffs proffer any other reason the general rule should not apply.

The district court erred in considering the Curtiss report. We will affirm the grant of summary judgment in favor of Plaintiffs only if the record before the City Council when it denied One Love's request raised no genuine issue of material fact as to whether the requested accommodation was reasonable and necessary.

---

[4]This general rule does not apply to Plaintiffs' disparate impact and disparate treatment discrimination claims. See Lapid-Laurel, 284 F.3d at 467 n.10.

[5]The City's request form asked that One Love explain "how the proposed accommodation would benefit persons with a disability, and why the accommodation is necessary to meet their particular needs," and requested "[a]ny additional information to further explain any of the answers to any of the above questions."

-10-

**D. Is the Requested Accommodation Reasonable and Necessary?** Many cases involving group home FHA and ADA claims challenging zoning restrictions separately treat the issues of whether the requested accommodation was reasonable and necessary. These are clearly distinct issues, but in our view they are interrelated, at least in this case, and should not be decided sequentially.

1. Reasonableness. Many FHA and ADA cases, typically reviewing the issue on a summary judgment record, state that if the plaintiff makes a sufficient prima facie showing that the requested accommodation is "reasonable on its face," then defendant has the burden to prove the accommodation unreasonable. See Oconomowoc Res. Programs, Inc. v. City of Milwaukee, 300 F.3d 775, 783-84 (7th Cir. 2002); Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment, 284 F.3d 442, 457 (3d Cir. 2002). In US Airways, Inc. v. Barnett, a case *that involved a private business's ADA duty* to grant reasonable accommodations, the Supreme Court endorsed this as a "practical view of the statute, applied consistently with ordinary summary judgment principles." 535 U.S. 391, 402 (2002); see Klossner, 65 F.4th at 355-56.

The prima facie case, also known as the burden of producing evidence, refers to plaintiff's obligation, as the party with the burden to prove this element of its case, to produce enough evidence to avoid summary judgment and, if not adequately rebutted, to send the case to the jury at trial. The general rule is that "the burden of proof [persuasion] never shifts and when the party having the burden of proof makes a prima facie case, the burden of proof does not shift to the opposite party, but he is only required to come forward with some evidence to rebut such prima facie case." Sabatino v. Curtiss Nat'l Bank of Miami Springs, 446 F.2d 1046, 1055 (5th Cir. 1971).

In our view, when a local government's enforcement of a facially valid zoning ordinance is challenged, these burden of proof issues are complex. "[T]he duty of 'reasonable accommodation' is limited to modifying rules or policies that hurt

handicapped people *by reason of their handicap*, rather than by virtue of circumstances that they share with others, such as limited economic means." Klossner, 65 F.4th at 353 (emphasis in original). "[A]n exception to a rule that is not necessitated by the individual's disability is presumptively unreasonable." Peebles v. Potter, 354 F.3d 761, 769 (8th Cir. 2004).

In determining whether the reasonableness requirement has been met in this type of case, the court weighs the extent to which the accommodation imposes undue financial and administrative burdens or requires a fundamental alteration in the nature of the zoning regulations -- issues that look like affirmative defenses, like the ADA statutory "undue hardship" defense at issue in Barnett -- "and the benefits that the accommodation would provide to the handicapped" -- an essential component of the plaintiff's burden of proof. Bryant Woods, 124 F.3d at 604. The FHA imposes a duty to accommodate "to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." § 3604(f)(3)(B). "The 'equal opportunity' . . . is the opportunity for handicapped persons to live in a single-family residential neighborhood." Lapid-Laurel, 284 F.3d at 460. If the evidence shows that there are other group homes that can provide this opportunity, "the accommodation requested would appear to be an accommodation primarily for [One Love] rather then for the handicapped." Smith & Lee Assocs., Inc. v. City of Taylor, 13 F.3d 920, 931 (6th Cir. 1993). Thus, depending on the defendant's evidence, at trial or in summary judgment proceedings at the conclusion of discovery, the plaintiff's ultimate burden to prove that it requested a reasonable accommodation may require more than showing it is "reasonable on its face."

One Love requested a waiver of the requirement that no more than four unrelated persons may live together in a single-family dwelling in an R-1 zone. It is undisputed that seven related persons could legally live together in a single home within an R-1 zone. See Anoka, Minn., Code § 74-2 (defining "Family"). One Love submitted materials showing that its sober home had sufficient space to house seven

residents and off-street parking space to accommodate most, if not all, of their vehicles. However, whether Plaintiffs offered sufficient evidence that the zoning restriction hurt them *by reason of their handicap*, and therefore the proposed accommodation was reasonable as a matter of law, is a different question. Plaintiffs did not acknowledge the burden to prove this causal connection, much less explain how they proved it, and the district court did not discuss the issue. This is a disputed issue of material fact.

Moreover, the failure to apply for a zoning waiver or exception "is fatal to [a] reasonable accommodation claim." Oxford House-C, 77 F.3d at 253. Here, Plaintiffs made an initial request for a reasonable accommodation to the City. But when the City denied the request as not adequately supported, Plaintiffs sued in federal court without waiting for a response, or requesting a response, to their Request for Reconsideration, which offered to provide but did not provide more support for the requested accommodation. Cf. Oxford House-A, 87 F.3d at 1024-1025.

2. Necessity. Plaintiffs have the burden to prove their requested accommodation is necessary, a fact-intensive issue. Necessity "is a high standard" under the FHA and the ADA. Vorchheimer v. Philadelphian Owners Ass'n, 903 F.3d 100, 105 (3rd Cir. 2018). Necessary means "something 'indispensable,' 'essential,' something that 'cannot be done without.'" Cinnamon Hills, 685 F.3d at 923. The Acts require accommodations "that are necessary (or indispensable or essential) to achieving the objective of equal housing opportunities between those with disabilities and those without." Id. (citations omitted). "[I]f the proposed accommodation provides no direct amelioration of a disability's effect, it cannot be said to be 'necessary.'" Bryant Woods, 124 F.3d at 604; see Schwarz, 544 F.3d at 1226 ("§ 3604(f) plainly requires the plaintiffs to show that the accommodation they requested actually alleviates the effects of a handicap.").

Consistent with other cases that have considered this issue, Plaintiffs claim their requested accommodation is necessary for two reasons: seven residents are needed (a) for the sober home to provide the proper therapeutic environment that will help residents recover from their addictions and prevent them from relapsing into substance abuse, and (b) for the sober home to generate enough rental income to be financially viable. The district court concluded that Plaintiffs met their burden of proof and there is no genuine issue of material fact on the question of necessity. We disagree.

(a) Regarding its proper therapeutic environment claim, One Love asserted in its initial letter to the City requesting an accommodation that the "potential recovery [of alcoholics and drug addicts] is greatly enhanced by the mutual support and mutual monitoring provided by living with other recovering persons." After the City adopted a procedure for considering reasonable accommodation requests, One Love submitted an application and presented live testimony at the November 19 City Council meeting.

Disregarding the Curtiss report and other materials that One Love did not give the City Council an opportunity to consider until this litigation, the therapeutic environment evidence consisted of self-serving statements based on anecdotal experience. One Love provided no support for the statement in Counsel's initial letter that "[p]ersons recovering from addiction are far more often successful when living in a household with at least eight other persons in recovery." One Love's formal application for a reasonable accommodation relied on similar conclusory statements:

> A successful sober living aftercare program requires two components: (i) a residential community and (ii) a strong support group. A modification to increase the number of residents permitted to live in a home is necessary to provide a strong support group in a residential environment. The applicant knows of no alternative that provides similar benefits.

-14-

One Love's counsel asserted at the November 19 City Council meeting that case law and studies show "that between seven and 15 people provide a therapeutic environment for people that are recovering from drug and alcohol addiction." But no studies or expert opinions were provided to the City Council, even with One Love's request for reconsideration. One Love's counsel simply left the City with the proverbial burden to "fight nothing with something." This is not consistent with well-established federal summary judgment principles. Moreover, as the City argues on appeal, even if credited, One Love's evidence before the City Council did not demonstrate that having seven residents is necessary, only that having seven residents is a better environment for recovery than only four. "Merely being preferable to an alternative is not sufficient; it must be essential." Harmony Haus Westlake, L.L.C. v. Parkstone Prop Owners Ass'n, 851 F. App'x 461, 465 (5th Cir. 2021).

On the record before the City Council, we conclude a reasonable factfinder could find that One Love's self-serving, conclusory evidence failed to prove that seven residents are "necessary" for its sober home to provide a therapeutic environment for recovering alcoholics and drug addicts. Thus, the district court erred in granting Plaintiffs summary judgment on this genuine issue of disputed fact. See, e.g., Morrow v. United States, 47 F.4th 700, 704 (8th Cir. 2022).[6]

(b) Plaintiffs claim the requested accommodation is necessary because One Love cannot cover the sober home's operational expenses with only four residents. At the November 19 City Council meeting, One Love's counsel asserted that One Love needs seven residents at the sober home to cover expenses. But before the City Council ruled, One Love never provided the City with financial data, or the opinion

---

[6]In Meraki Recovery, the district court considered a report from John Curtiss but granted the defendant City summary judgment on plaintiffs' FHA reasonable accommodations claims, in part because the Curtiss report was "far from unequivocal" on this issue. 2021 WL 5567898, at *11 ("'less than optimal' is a far cry from 'necessary,' which is what the law requires").

-15-

of a financial analyst with knowledge of One Love's finances, that the sober home is not financially viable without the requested accommodation. The district court nevertheless "found" that One Love proved that having seven residents "is necessary to achieve financial viability, as only then can the sober home generate enough income to survive."[7]

The City argues that One Love's financial viability is not a proper consideration for determining whether a reasonable accommodation is necessary. That is a complex, fact intensive issue. Necessity under the FHA "requires the demonstration of a direct linkage between the proposed accommodation and the 'equal opportunity' to be provided to the [disabled] person," a requirement that has "attributes of a causation requirement." Bryant Woods, 124 F.3d at 604. Where financial assistance is asserted as a reason to grant a requested accommodation, "the proper inquiry is not whether 'a particular profit-making company needs such an accommodation, but, rather do such businesses as a whole need this accommodation. Otherwise, by unreasonably inflating costs, one business would get such an accommodation while another, better run, did not.'" Id. at 605, quoting Smith & Lee Assocs., 13 F.3d at 931-932. Thus, if the trial evidence shows that "[a] handicapped person desiring to live in a group home in a residential community . . . can do so at the numerous other group homes at which vacancies exist . . . [One Love's] demand that it be allowed to expand its facility to [seven] residents is not 'necessary,' as used in the FHA, to accommodate handicapped persons." Id. Increased finances do not themselves provide a "direct amelioration of a disability's effect." The question, then, is not whether One Love needs an increased capacity accommodation for its particular sober home to be financially viable -- the question the district addressed -- but whether sober homes in the community need such accommodations to be financially viable. The record in this case is silent on that question.

_____

[7]Plaintiffs produced financial data during discovery that was considered by the district court in its necessity analysis.

-16-

If financial viability is relevant to whether an accommodation is necessary, the question is not simply whether the for-profit business seeking the accommodation will lack sufficient funds to operate a group home facility without it. And One Love did not even present to the City Council sufficient evidence that *it* needed the requested accommodation for its sober home to be financially viable. One Love's bald assertions to the City Council that the accommodation was needed for financial reasons did not prove this component of its reasonable accommodation claim. Moreover, the financial viability of One Love's sober home is relevant only if One Love proves that the service it offers provides a therapeutic benefit that is *necessary* for people recovering from alcohol or drug abuse to successfully live in a residential neighborhood without relapsing. We conclude there are genuine issues of disputed fact on these issues.

**E. Disparate Treatment and Disparate Impact Claims.** Plaintiffs' Complaint asserted disparate treatment, disparate impact, and failure-to-accommodate claims under the FHA and the ADA. See generally Klossner, 65 F.4th at 354; Boersig v. Union Elec. Co., 219 F.3d 816, 821-22 (8th Cir. 2000). Though the parties' cross motions for summary judgment briefed and argued all three theories, the district court did not rule on the disparate impact and disparate treatment claims, simply noting that genuine issues of material fact exist that would make summary judgment on either claim inappropriate. On appeal, the City urges us to grant or direct the entry of summary judgment in its favor on these claims. We decline to do so.

On appeal from the grant of summary judgment, we may review the denial of appellant's motion for summary judgment, as well as the grant of summary judgment in favor of the appellee, "if appropriate." United Fire & Cas. Co. v. Titan Contractors Serv., Inc., 751 F.3d 880, 886 (8th Cir. 2014) (citations omitted). Where disputed issues of fact underlie all claims or theories, as in this case, the district court should have the initial opportunity to take up claims it did not need to resolve in the order being appealed. These claims remain in the case for further consideration on remand.

### III. Conclusion

The judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion. On remand, we do not preclude the district court from expanding the record to resolve these issues, either by summary judgment or after a trial, so long as the City Council has had an opportunity to decide if the additional evidence or argument would change its decision to deny the requested accommodation. We encourage the parties to resolve a difficult situation of great importance to the local community with as little federal litigation expense as may be possible.

_____