# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1829
_____

Antonio Strong

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta
_____

Submitted: March 19, 2026
Filed: March 24, 2026
[Unpublished]
_____

Before LOKEN, GRUENDER, and KOBES, Circuit Judges.
_____

PER CURIAM.

Former federal inmate Antonio Strong appeals the district court's[1] adverse grant of summary judgment in his pro se action under the Federal Tort Claims Act

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

(FTCA). Upon careful de novo review, we affirm. See Shanner v. United States, 998 F.3d 822, 824 (8th Cir. 2021) (standard of review). The district court properly construed Strong's negligence claim as a claim for medical injury to which the Arkansas expert-testimony statute applied. See id. (in FTCA case, court applies substantive law of state in which events giving rise to complaint occurred); Spring Creek Living Ctr. v. Sarrett, 890 S.W.2d 598, 600 (Ark. 1995) (claims based on alleged failure to provide needed medical care are dependent upon expert testimony). As Strong did not provide the required expert testimony to establish the relevant standard of care, a deviation from that standard of care, and proximate cause between that deviation and his injuries, summary judgment was proper. See Ark. Code Ann. § 16-114-206(a); Fryar v. Touchstone Physical Therapy, Inc., 229 S.W.3d 7, 12-13 (Ark. 2006) (where plaintiff already had injuries, alleged connection between provider's treatment and plaintiff's injuries would not be matter of common knowledge or understanding, and jury would require expert testimony to decide proximate cause); Johnson v. Schafer, 565 S.W.3d 144, 146-47 (Ark. Ct. App. 2018) (when defendant demonstrates plaintiff's failure to produce expert testimony, defendant has shown that no genuine issues of material fact exist and is entitled to summary judgment). We decline to consider Strong's new res ipsa loquitor argument on appeal. See Engelhardt v. Qwest Corp., 918 F.3d 974, 982 (8th Cir. 2019).

The judgment is affirmed. See 8th Cir. R. 47B.

_____